In the matter of the Estate of Jacob Davis, deceased.

1. **Dower:** IN PERSONAL PROPERTY: WILL. The term "*dower*," as used in section 2435 of the Revision, which provides that the widow's dower cannot be affected by any will of her husband, does not apply to personal property.

2. —— Hence she cannot claim as distributee of the personal estate of her husband, when he has fully disposed of the same by his will.

In the matter of the Estate of Jacob Davis, deceased.

*Appeal from Cedar Circuit Court.*

FRIDAY, JANUARY 25.

JACOB DAVIS, by will, dated January 27, 1868, devised and bequeathed all his real and personal property to his children. He soon after married, and died on the 13th day of March, 1870. His will was duly admitted to probate, and his widow, Anna, in addition to the real estate to which she is entitled, claims one-third of all the personal property of the deceased. No provision is made in the will for the claimant. The circuit court adjudged that the widow was entitled to no part of the personal property belonging to the estate of the deceased. The widow appeals.

*Wolf & Landt* and *H. C. Carr* for the appellant.

From the argument of appellant's counsel the following propositions are eliminated:

I. "In two sorts of cases it is necessary to interpret the law: 1st. When we find in a law some obscurity, ambiguity or other defect of expression, for in this case it is necessary to interpret the law in order to discern its true meaning. 2d. When it happens that the sense of a law, how clear however it may appear in the words, would lead into false consequences and to decisions that would be unjust if the law were indifferently applied to every thing within the expression. For in this case the palpable injustice that would follow from this apparent sense, obliges us to discover by some kind of interpretation, not what the law *says*, but what it means, and to judge by its meaning how far it ought to be extended and what are the bounds that ought to be set to its sense." Domats' Rules, see Potter's Dwarris, 138.

II. "All rules, whether natural or arbitrary, have their use, such as is assigned to them by universal justice, which is the spirit of them all. Thus, the application of laws is to be made by discerning what it is that this spirit demands, which

In the matter of the Estate of Jacob Davis, deceased.

in natural law is equity — in arbitrary laws the intention of the lawgiver. It is in this discerning faculty that the science of law does chiefly exist." Ib. 140.

III. "The absurdities, ambiguities and other defects of expression which may render the meaning of the law doubtful, and all other difficulties in its construction and application should be resolved by the natural sense of the language according to the nature of the subject, so as if possible at once to conform to the intent of the legislature and to equity." Ib.

IV. "This is to be arrived at by the different considerations of the nature of the law, its object, its connection with other law, the exceptions to which it may be subject, and other similar considerations." Ib.

V. "Laws which favor what public utility, humanity, religion, freedom of intercourse and other similar interests regard favorably, as well as those intended to favor particular individuals, ought to be interpreted with all the liberality to which these interests are justly entitled in an equitable point of view, and ought not be interpreted severely nor be applied in a manner calculated to prejudice the persons intended to . be favored."

VI. The popular or received import of words furnishes the general rule for the interpretation of statutes. *Willard* v. *Lawrence*, 16 How. 251.

VII. "Statutes should be construed according to the intent and meaning, and not always according to the letter." *People* v. *N. Y. C R. R. Co.*, 13 N. Y. 81; *Holmes* v. *Carley*, 31 id. 289, 290; *Leavitt* v. *Blatchford*, 5 Bark. 13; *Brown* v. *Perry*, 3 Dall. 365.

VIII. "Where the words are obscure the intention of the legislature must be found from the act itself, from other acts *pari materia*, and sometimes from the cause or necessity of the statute, and whenever the intent can be discovered it should be followed with reason and discretion, though such construction seem contrary to the letter of the statute." 1 Kent, 462.

IX. Section 2422, in providing that "the personal property of the deceased, not necessary for the payment of debts nor otherwise disposed of as hereinbefore provided, shall be distributed to the same persons and in the same proportions as though it were real estate," does not refer to the disposition of property made by will. This section evidently refers to the disposition of property made by the law, of which it is a part. It is true the law *enables* a man to dispose of his property by will, but to give him such power does not of itself dispose of his property. The will disposes of the property. To dispose of property is to determine and direct to what persons or purposes the property shall be given or applied. Hence, this section only refers to that disposition made by law for the payment of debts, the support of the family, the payment of the costs of administration, and the disposition made of property exempt from execution, and any other disposition directed by the law or chapter of the law of which said section is a part.

In section 2436 the word "hereinbefore" has certainly a different meaning from that claimed by the opposite party, for in that section the law says concerning the realty, "subject to the rights and charges *hereinbefore* contemplated, the remaining estate of which the decedent died seized shall, in the absence of *other arrangements by will*, descend in equal shares to his children." It will not be contended that "the rights and charges hereinbefore contemplated," mean those granted or raised by will. And yet there is no more reason for claiming that the words "hereinbefore provided," as used in section 2422, refer to provisions made by will.

X. The law is superior to the will of any one; and when it provides that the wife shall have a right to a share of the personalty, her right to the same relates back to the marriage contract and cannot be defeated by the will of the husband; although the statute does not especially provide against such defeat; it vests immediately upon the death of the husband. Park on Dower, 132; *Smith & Wife* v. *Wm. Hine, Adm'r*, 10 Fla. 284; *Griffith* v. *Griffith's Ex'r*, 4 Har. & McH. (Md.);

*Cooms* v. *Clements*, 4 Har. & J. (Md.); *Stone* v. *Stone*, 18 Mo. 391; *Kelley* v. *Graves*, 5 Ind.    ; *Mills* v. *Marshall*, 8 id. 54; *Foster* v. *Fields*, 20 Pick. 67.

The law then having raised a provision for the support of the wife out of the personal estate of the husband, it cannot be defeated by the husband's will, unless we admit that the words "disposed of as hereinbefore provided," mean the disposition made by will. This, as we have seen, would be not only an unnatural construction, but a construction opposed to the rules we laid down. Section 2422 meant to leave the disposition of the personalty the same as that of the realty — that is, one-third to go to the widow *absolutely*, as stated in section 2480, and the remainder to be divided among the children in the absence of *other arrangements* by will.

*George J. Boal* for the appellees, the heirs and administrator.

BECK, Ch. J.— The sole question presented for our determination involves the right of the widow to take as a distributee of the personal property of the estate notwithstanding it has been fully disposed of by the will of her deceased husband. The question depends mainly for solution upon the construction of our statutes governing the descent and distribution of property. And to one at all familiar with these enactments this statement is a sufficient indication of the difficult nature of the task before us, for there are no laws, which we are called upon to interpret, so nearly enigmatical to the extent of incomprehensibility, as are these. It seems strange that statutes intended to supply rules, which, in the course of an age, must be applied to all the property of the people of the State, should be framed in such obscurity and doubt, and left to depend so much upon interpretation. In reaching a conclusion upon the question before us we have had most efficient and valuable aid from the carefully prepared and able briefs of counsel, as well as from a well-considered and well-expressed opinion of the learned circuit judge who tried the case

In the matter of the Estate of Jacob Davis, deceased.

in the court below. The argument of appellant's counsel is especially noticeable for the research and ingenuity displayed and the forcible manner in which the views of that side of the case are presented.

A consideration of the different statutory provisions applicable to the subject demands our attention. They will be better understood by grouping them together in the proper order of their relation to the question under consideration. They are found expressed in the following language:

" Rev., § 2309. Any person of full age and sound mind may dispose, by will, of all his property except what is sufficient to pay his debts, or what is allowed as a homestead, or otherwise given by law as privileged property to his wife and family."

" Section 2361. When the deceased leaves a widow, no property which, in her hands, as the head of a family, would be exempt from execution shall be deemed assets or administered upon as such, but the same, after being inventoried without appraisement, shall remain with her and the family until disposed of according to law."

Section 2403 provided that an allowance should be made by the probate court for the maintenance of the widow and minor children which afterward was deducted from their respective portions. This provision is amended by chap. 22, Acts 1862, § 1, as follows.: " The appraisers appointed to appraise the personal property belonging to the estate of any decedent, shall set off and allow the widow and children under the age of fifteen years of such decedent, if any there be, or if there be no widow, then to such children sufficient provisions or other property to support them for twelve months from the death of the decedent * * * * ." The requirement of Rev., § 2403, directing the amount set apart under it to be deducted from the portion of the heirs and widow is repealed by this statute. Chap. 151, Acts 1862, § 1, amendatory of former statutes in regard to dower, provides: " One-third in value of all the real estate in which the husband at any time during marriage had a legal or equitable

interest, which has not been sold on execution or other judicial sale, to which the wife has made no relinquishment of her right, shall, under the direction of the court, be set apart by the executor, administrator or heir, as her property in fee simple, on the death of her husband if she survive him."

Rev., § 2435. " The widow's dower cannot be affected by any will of her husband if she objects thereto, and relinquishes all rights conferred upon her by the will."

§ 2422. " The personal property of the deceased not necessary for the payment of debts nor otherwise disposed of as hereinbefore provided, shall be distributed to the same persons and in the same proportions as though it were real estate."

§ 2480. The " widow is entitled to receive the same amount of personal property that she is entitled to receive by virtue of section 2422, and her title thereto shall remain absolute." This section was subsequently enacted and is amendatory to the one mentioned therein.

§ 2436. " Subject to the rights and charges hereinbefore contemplated, the remaining estate of which the decedent died seized, shall, in the absence of other arrangements by will, descend in equal shares to his children."

I. The power conferred by section 2309 to dispose of property by will is limited only by the restrictions therein prescribed and others found in the sections just quoted. The " privileged property" given by the law to the widow and family of decedent is provided for in sections 2361 and 2403, and the amendment to the one last mentioned. By this expression dower is not referred to. So far we find no inhibition upon the disposition by will of personal property that supports appellant's claim to one-third thereof. Neither is it supported by chap. 151, § 1, Acts 1862, for by this statute provision is made as to the real estate only, and not as to the personal property.

II. But it is insisted that the term *dower*, used in section 2435, applies to personal property which is intended to be secured to the widow thereby in the same proportion as is the real estate of the deceased. But this construction is inadmissi-

ble, for the term is applicable only to real property, and is never used in the law in any other sense. Coke upon Little-ton, 30*a*; 2 Blackstone's Com. 130, 131; 1 Greenleaf's Cruise on Real Property, 172 (tit. vi, chap. 1, §§ 3–5); *Dow* v. *Dow*, 36 Me. 211.

Upon this point appellant's counsel has submitted an elab-orate argument, and urges his views with great earnestness, and supports them by extended research. It would hardly be profitable to pursue the course of his argument and discuss the question at length. We have seen no authority which, inde-pendent of statutory provisions, applies the term *dower* to per-sonal property, and should we discover such a use of the word we would be quite as much surprised as would the profession should we adopt it in this case.

III. The appellant's claim finds no support in section 2422, for the decedent disposed of his personal property by will, as he was authorized to do, by section 2309. Whatever right the widow may have under this section only accrues when no disposition by will is made of the personalty. This position demands no further attention.

These views, which, to our minds, are quite satisfactory, lead us to the conclusion that the judgment of the circuit court is correct.

Affirmed.