## WILSON v. BREEDING.

1. **Husband and Wife:** EXEMPTION FROM EXECUTION. Personal property of
the wife, exempt from execution in her hands, does not at her death
vest in her husband, but goes to her administrator.

50  629<br>87  195

*Appeal from Madison Circuit Court.*

THURSDAY, APRIL 24.

ACTION at law to recover the value of certain personal
property taken and appropriated by defendant, which plain-
tiff claims belonged to him. The cause was submitted to the
court without a jury, and a finding of facts made upon
which a judgment was rendered for plaintiff. Defendant
appeals. The facts of the case appear in the opinion.

*McCaughan & Dabney*, for appellant.

*Wainwright & Miller*, for appellee.

. BECK, CH. J.—I. The petition alleges that in October,
1876, one Alexander Blair died intestate, leaving a widow,
Martha Blair, to whom plaintiff was married in February,
1877, and that in December, 1877, she departed this life.
It is averred that when Blair died he was possessed of certain
personal property, described in the petition, to which his
widow became entitled, and of which she was actually in
possession at the time of her death. Other property de-
scribed in the petition, it is alleged, plaintiff and his wife
acquired after their marriage. It is shown that after the
death of plaintiff's wife defendant took out letters of admin-
istration upon the estate of Alexander Blair, and as such
reduced all the property described in the petition to his
possession and disposed of the same, though he had notice
that plaintiff claimed ownership thereof.

The answer of defendant admits that he is the adminis-

trator of the estate of Alexander Blair, and alleges that he has duly accounted for the property held by him as such. Other allegations of the petition are denied.   By an amended answer, setting up a counter-claim, it is shown that plaintiff converted to his own use certain other property belonging to the estate of Alexander Blair, for which judgment is claimed against him.   The allegations of the answer were denied.

The court found the following facts:

"1.   That in Madison county, Iowa, on October 5, 1876, Alexander Blair died intestate.

"2.   That the said Alexander Blair left, as his widow surviving him, one Martha Blair.

"3.   That on February 23, 1877, the said Martha Blair, widow of Alexander Blair, intermarried with plaintiff, James Wilson.

"4.   That in Madison county, Iowa, on December 5, 1877, the said Martha Wilson (formerly Martha Blair) died intestate, leaving plaintiff, James Wilson, as her surviving husband.

"5.   That on December 7, 1877, defendant was appointed administrator of the estate of Alexander Blair.

"6.   That on December 7, 1877, defendant, as administrator of the estate of Alexander Blair, took possession of the property in controversy herein, and on January 14, 1878, sold the same, and reported the proceeds of said sale in his report as administrator aforesaid.

"7.   That on January 12, 1878, plaintiff caused a written notice to be served upon defendant, notifying him that plaintiff claimed to be the absolute owner of the property in controversy, protesting against a sale thereof, and demanding immediate possession thereof.

"8.   That of the property in controversy one cow and one calf, of the value of thirty-one dollars, were the absolute property of James Wilson, and never had been the property either of Alexander Blair, Martha Blair, or Martha Wilson.

"9.   That of the property in controversy certain articles,

of the total value of three hundred and fifty-five dollars, had, during the life of Alexander Blair, been his property.

"10. That each of the articles mentioned in the ninth finding herein were, under the laws of Iowa, exempt from execution in the hands of said Alexander Blair.

"11. That during her life-time the widow of Alexander Blair reduced to actual possession each of the articles mentioned in the ninth finding herein.

"12. That each of the articles mentioned in the ninth finding herein were exempt from execution in the hands of Martha Blair, afterward Martha Wilson, during her life-time, under the laws of Iowa.

"13. That prior to the death of Martha Wilson, and after marriage to James Wilson, there came into the hands of said James Wilson personal property to the value of one hundred dollars, which had been the property of Alexander Blair during his life-time.

"14. That the property mentioned in the thirteenth finding herein was taken into actual possession by the widow of Alexander Blair before it went into the hands of James Wilson, and was property which was exempt from execution, under the laws of Iowa, while in the hands of Alexander Blair.

"15. That James Wilson obtained the property mentioned in the thirteenth paragraph hereof from the widow of the said Alexander Blair, after his marriage to her, and after said property was reduced to actual possession by her."

As a conclusion of law, based upon the facts found, the court held that plaintiff was entitled to recover three hundred and eighty-six dollars, and allowed that amount as a claim against the estate of which defendant is administrator.

II. It will be observed that there are three classes of property involved in this suit as shown by the findings of the court below—*First*, property of plaintiff, which never belonged to his wife or her former husband, mentioned in the eighth finding of facts. There can be no question of plain-

tiff's right in this action to recover the value of this property. *Second*, property formerly owned by Alexander Blair, deceased, of which plaintiff has taken possession, referred to in the ninth, tenth, eleventh and twelfth findings of facts. *Third*, property formerly belonging to Alexander Blair, deceased, taken by plaintiff, and which has not come into the possession of the defendant.

III.   The facts as shown by the proceedings of the court below, so far as they relate to the second class of property, are briefly these : The property belonged to the estate of Alexander Blair, and was exempt from execution.   The statute provides that the property, "after being inventoried and appraised, shall be set apart" to the widow as property in her own right, and shall "be exempt in her hands as in the hands of the deceased."   Code, § 2371.

1. HUSBAND and wife: exemption from execution.

Counsel discuss the question whether the widow acquires the title to the property before it is "inventoried and appraised," and set apart to her.   In the view we take of the case this question need not be here decided.

It is also insisted by counsel for defendant that as this property, under our decision in *Van Doran v. Marden*, 48 Iowa, 186, was not held by the widow exempt from her own debts, it did not, upon her decease, become the property of her husband.   We need not pass upon the question, for we reach a conclusion upon a different ground, which we will now state.

We find no statute providing that property of the wife, exempt from execution in her hands, shall upon her death vest in the husband.   Of course, in the absence of a statutory provision of that character, such property must be distributed under other provisions of the law.

It is provided that personal property, exempt from execution in the hands of a husband, shall upon his death vest in his widow.   Code, § 2371.   This section bestows a right upon a widow, but not upon a husband of a deceased wife, nor can it be extended by construction to confer a right upon him.

Counsel for plaintiff insists that this provision is made applicable to a husband of a deceased wife by Code, § 2440. But this cannot be admitted. The last named section is confined by its express words to provisions of the chapter in which it occurs, which relate to real estate exclusively. The parallel section of the revision—amended by chapter 151, Acts Ninth General Assembly, § 2479—is also by its very terms confined to provisions relating to real estate. From the report of the Code commissioners it is discovered that they so understood the provisions in question, and doubtless such was the understanding of the Legislature enacting the Code.

We conclude that the plaintiff in this case, upon the death of his wife, did not become entitled to the property in question, and that under the statute it could not have been set apart to him as his property. It was subject to distribution under the provisions of law applicable to personal property, and, therefore, should have gone into the hands of the administrator. The facts of the ninth, tenth, eleventh and twelfth findings do not in law authorize plaintiff to recover for the property referred to therein.

IV. Waiving the question whether the administrator in a proceeding, as this is, to establish a claim against the estate, may set up and recover on a counter-claim, we are of the opinion that, if it be admitted such proceeding is proper, the thirteenth, fourteenth and fifteenth findings are not sufficient to authorize a judgment against the plaintiff. These findings fail to show that plaintiff converted the property to his own use, as is alleged in defendant's counter-claim. They show that the property came into his possession and nothing more. It is not made to appear that he refused to deliver it to defendant, or that he did not actually deliver it to defendant, or that it was not used by him for the benefit of his wife. The fact that he obtained possession of the property from his wife will not alone render him liable; conversion thereof must appear in order to charge him for the value. We con-

clude that defendant is not, under the findings of the court, entitled to recover upon his counter-claim.

V. As we have said, the right of plaintiff to recover the value of the property mentioned in the eighth finding of facts cannot be doubted. This property never belonged to his wife or to her first husband. It was taken by defendant as administrator and converted to the use of the estate, as shown by the sixth finding of facts. Plaintiff is entitled to recover the value of the property, thirty-one dollars, in this action. This, however, is the limit of his right.

The judgment upon the eighth, thirteenth, fourteenth and fifteenth findings of facts is affirmed, and reversed upon the ninth, tenth, eleventh and twelfth. The cause is remanded to the court below for a judgment upon the findings of facts in accord with this opinion. The costs of the appeal will be paid by plaintiff.

REVERSED.