## WARD v. WOLF ET AL.

1. **Will: PERSONALTY: WIDOW'S SHARE.** The widow's share of her husband's property provided for in section 2452 of the Code includes both personal and real property, and a husband cannot by a will, made either before or after marriage, deprive his widow of her share in his personal estate. SEEVERS and DAY, JJ., *dissenting*.

| 56 | 465 |
| 87 | 194 |
| 56 | 465 |
| 105 | 622 |

*Appeal from Van Buren Circuit Court.*

MONDAY, JUNE 20.

THIS is a proceeding for the probate of a will. The widow, the plaintiff, objected to the will on the ground that it was executed before her marriage with the testator, and the disposition of all his property made therein, if sustained, will defeat her rights secured by the law. The Circuit Court

decided that the will does not affect the right of the widow to her share of the personal and real property, and that the property remaining after her share is set apart will be disposed of as provided in the will. Certain heirs and legatees under the will, the defendants herein, appeal.

*Work & Brown*, for appellants.

*Lea & Wherry*, for appellee.

BECK, J.—I. The case presents for determination this question: Is the right of a widow to the share of the personal property and real estate of her deceased husband prescribed by statute defeated by a will of her husband executed before her marriage with him?

1. WILL: personalty: widow's share.

In our opinion certain provisions of the Code afford a solution of the question. It becomes, therefore, unimportant to consider the decisions of the courts touching the effect of the marriage of a testator upon a will before executed. They are understood to be conflicting.

Code, section 2452, is in the following language: "The widow's share cannot be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the Circuit Court."

It cannot be doubted that the subject of this provision is the share of the widow in the estate of her deceased husband. And it is equally plain that the will contemplated by the provision is "any will" made before or after marriage of the husband. The provision is not restricted to wills made after marriage. The object of the statute is to deprive the husband of the power to dispose of his property in such a manner as to prevent his widow recovering the share allotted to her by the statute. If the law will not enforce a will made after marriage with the express purpose of defeating the right of the widow, why should it enforce an ante-nuptial will when

no such purpose can be inferred, for the reason that the marriage relations did not exist when it was executed?

II. We will now inquire what is included within the subject of the provision expressed by the words "widow's share." The word "share" is used in the context to describe the portion of the estate of a decedent which the law assigns to the widow. It is called the "distributive share." §§ 2437, 2441. This term, it will be discovered, is applied both to the widow's portion of the personal property and to her interest in the real estate. In section 2437 it is applied to personalty, and in 2441 to real estate. It follows that section 2452 prohibits a disposition by will of either personal or real property which operates to deprive the widow of her share therein.

The decision of this court in *The Estate of Davis*, 36 Iowa, 24, was under a statute differing from the provision of the Code above considered, and is not, therefore, applicable to the case before us. We held, in that case, that a statute declaring the widow's dower cannot be affected by a will did not control the disposition of personal property, for the reason that the term *dower* cannot be applied to personal property. In the statute now in force the term "distributive share" is used instead of dower, and, as we have seen, it is applicable to both personal and real property.

*Smith v. Zuckmeyer*, 53 Iowa, 14, and *Linton v. Crosby*, 54 Iowa, 478, involved real property only, and the questions considered in each case relate to the interest of the husband and wife in the lands of his or her spouse. Such an interest, it is held in both cases, is designated in the statute by the term *distributive share*. The cases do not determine whether the interest in personal property is included in the term distributive share, and is or is not subject to disposition by will. They have no bearing on the question in this case which involves the right of the wife to the personal property of her deceased husband.

III. No question is raised in this case involving the cor-

rectness of the decision of the court below holding the will to be valid as to all property not included in the widow's share. This question we have not considered, and do not decide. The decision of the Circuit Court is

AFFIRMED.

SEEVERS, J., *dissenting.*—The statute provides: "The personal property of the deceased not necessary for the payment of debts, nor otherwise disposed of as hereinbefore provided, shall be distributed to the same persons and in the same proportions as though it were real estate." Rev., § 2422; Code, § 2436.

It is important to ascertain what personal property has been "otherwise disposed of as before provided" in the statute. The provision is that "any person of full age and sound mind may dispose by will of all his property except what is sufficient to pay his debts, or what is allowed as a homestead, or otherwise given by law as privileged property, to his wife and family." Rev., § 2309; Code, § 2322.

The personal property that is "privileged" is that contemplated in Rev., §§ 2361, 2370 and 2403; Code, §§ 2371, 2375 and 2419. This was ruled *In the Matter of the Estate of Jacob Davis*, 36 Iowa, 24. This case was decided under the Revision, but there is no substantial difference between it and the Code, as will appear upon a comparison of the sections above referred to. "If the intestate leaves no issue, the one-half of his estate shall go to his wife." Rev., § 2495; Code, § 2455. This includes both real and personal property, but does not apply or control the rights of any one if there is a will whereby all the property of the deceased has been devised to other persons than the widow. In such case she can only take one-third of the real estate. *Linton v. Crosby*, 54 Iowa, 478. There was no controversy in the case cited in relation to personal property, but the case clearly holds that the meaning of the words "distributive share" as

used in the statute in defining the rights of the widow in the absence of a will, does not include more than one-third of the real estate, or what at common law was recognized as her dower, as modified by statute, in so far as the same is thereby made a fee simple estate. This definition or construction of the same "distributive share" should be held applicable to personalty, and as the widow has no dower right therein, the husband can dispose of the whole by will. It follows, I think, when the Code, § 2452, declares the widow's share cannot be affected by a will, it means the share above mentioned, that is, one-third of the real estate, and this is not enlarged by section 2436, or any other section of the Code.

Section 2437 of the Code applies without doubt to personal property, but it cannot affect the question under consideration, because when there is no will the widow is clearly entitled to a share of the personalty, and section 2441 evidently, I think, refers to real estate only.

The mistake in the foregoing opinion, it seems to me, is the conclusion that the rights of the widow were enlarged by the Code. The primary object in substituting "distributive share" was to get rid of the word "dower." As applied to the case in hand, such was the only object in making the change. This, I think, is apparent from the report of the Code commissioners. The judgment of the Circuit Court should be reversed.

Justice DAY unites with this dissent.