LINTON v. CROSBY, EX'R.

61  293
j136  49

1. **Estates of Decedents**: WIDOW'S THIRD OF PERSONALTY: NOT AFFECTED BY WILL. A husband cannot by will deprive his widow of her distributive share of his personal estate. *Ward v. Wolf*, 56 Iowa, 465, followed.

2. ———: DOWER NOT DIMINISHED TO PAY DEBTS. The personal estate constitutes the primary fund for the payment of debts; and where the executor paid taxes and mechanics' liens on the real estate out of the personal estate and the rents of the realty, thereby diminishing the widow's distributive share thereof, such payments should not be deducted from her distributive share of the realty.

3. ———: EXEMPT PERSONALTY: HOW AFFECTED BY WILL. It is doubtful, to say the least, whether a husband can by will deprive his widow of personal estate which in his hands was exempt from execution.

4. **Former Adjudication**: PRESUMPTION AS TO POINT DECIDED. Where in a former action there were three distinct defenses, one of which, at least, was sufficient in law, and another of which was doubtful, and there was a general judgment for the defendant, it will not be presumed that the judgment was based on the doubtful defense, and the substance of such defense will not be regarded as adjudicated between the parties.

5. ———: BINDING ONLY AS TO POINTS IN ISSUE. A former adjudication binds the parties thereto only as to the very points in issue.

6. **Administrator**: COSTS OF APPEAL: GOOD FAITH. Where it does not appear that an appeal was taken by an administrator in bad faith, the costs thereof will not be taxed against him personally.

*Appeal from Clayton Circuit Court.*

TUESDAY, JUNE 12.

ACTION to recover or for the admeasurement of the plaintiff's distributive share, or dower, in the real estate of which her husband died seized. Judgment for the plaintiff, and defendant appeals.

*L. O. Hatch* and *James O. Crosby*, for appellant.

*Murdock & Larkin,* for appellee.

SEEVERS, J.—This cause was before the court at a former

term, and it was held that the plaintiff was entitled to recover
one-third in value of the estate owned by her husband at the
time of his death.. *Linton v. Crosby*, 54 Iowa, 478. Upon
filing the *procedendo* in the circuit court, the defendant
pleaded two additional defenses, the first being that he had
paid mechanics' liens and taxes on the real estate. This was
admitted by the plaintiff, but she claimed, and it was estab-
lished on the trial, that such liens and taxes were paid from
money which came into the hands of the defendant from
rents of the real estate, and from sales of the personal prop-
erty belonging to plaintiff's deceased husband. The second
defense pleaded was a prior adjudication. The only ques-
tions pressed in argument by counsel are the two just stated.

I.   As to the mechanics' liens and taxes. The plaintiff's
husband executed a will, which has been duly admitted to
probate, and he therein devised all his property, both real and
personal, to persons other than the plaintiff. In *Ward v.
·Wolf*, 56 Iowa, 465, it was held, under a similar will, that
the widow was entitled to one-third of the personal property,
notwithstanding the will. In other words, it was held that
a husband cannot by will deprive his widow of her distribu-
tive share of his personal estate. The writer and Mr. Justice
DAY did not concur in that decision, but the court is not dis-
posed to change the rule established in that case. In the
case at bar, therefore, the plaintiff is entitled to a share of the
personal estate, and, as the mechanics' liens and taxes have
been paid with money derived from the personal estate, it is
apparent that the plaintiff's interest therein has been reduced
to that extent. Now, it is our opinion that the liens and
taxes paid should not be again deducted from the plaintiff's
share of the real estate, or her interest therein lessened in
any degree because of the discharge of such liens. Besides
this, the personal estate constitutes the primary fund for the
payment of debts. Code, § 2385. *McGuire v. Brown*, 41
Iowa, 650.

II.   The plaintiff commenced an action to recover or have

set apart to her certain personal property owned by her husband at his death, which she claimed to be entitled to because her husband was the head of a family, and the property in his hands was exempt from execution. In that action the defendant pleaded—*first*, a general denial; *second*, that the decedent at the time of his death was not the head of a family; *third*, that decedent had disposed of all his property by will. The circuit court rendered judgment for the defendant, but upon which of the above defenses we are not advised. The plaintiff appealed to this court, and the judgment of the circuit court was affirmed on the ground that the plaintiff's husband at the time of his death was not the head of a family. *Linton v. Crosby,* 56 Iowa, 386. It is insisted that, as the judgment of the circuit court was general, it is thereby established that because of the provisions of the will the plaintiff was not entitled to recover, and, this being so, that the plaintiff must fail in this action because of such prior adjudication. The second defense, that the deceased was not the head of a family, constitutes a sufficient and valid ground upon which the judgment of the circuit court can be based. It is doubtful, to say the least, whether a husband can, by will, deprive his widow of personal estate which in his hands was exempt from execution. Code, § § 2322, 2371. *Estate of Jacob Davis,* 36 Iowa, 24. We do not think we would be warranted, in the absence of any showing, in presuming that the circuit court based its judgment on the doubtful proposition above stated. But, if we did so, this would not be equivalent to holding that the adjudication would bar a recovery in this action, which is brought to recover the plaintiff's distributive share of the real estate belonging to her deceased husband at his death. It is not and cannot be successfully maintained that, under the statute, a will can have such an effect. The plaintiff, therefore, should not be estopped by the prior adjudication, unless the question determined in the prior action was, whether, because of the will, the plaintiff failed to recover what she now claims—that

is, an interest in the real estate.    This never has been decided adversely to the plaintiff.

III.   The defendant also pleaded an adjudication in an action brought by the plaintiff to obtain an allowance from her husband's estate.    This action was brought under section 2375 of the Code.    The court refused to grant the relief asked.    We do not understand counsel in their argument to insist that plaintiff's right to recover in this action is barred because of the adjudication just stated.    But if mistaken in this, we do not think the stated proposition constitutes a bar to the plaintiff's recovery, upon substantially the same grounds as above stated.

IV.   The appellee has filed a motion asking that the costs of this appeal be taxed against the defendant personally, or that the plaintiff be relieved from the payment of any portion of the costs of this appeal out of her share of the estate. We are not prepared to say that the appeal was not taken and prosecuted in good faith, under the belief that the circuit court erred.    This being so, the motion must be overruled and the judgment of the circuit court

AFFIRMED.