JAS. M. MAY, Guardian, Appellant, v. LEVI M. JONES et al., Appellees.

1. **Wills**: WIFE'S PERSONAL ESTATE: RIGHTS OF HUSBAND. A married woman can not, by will, deprive her surviving husband of his distributive share in her personal estate.

2. ———: CONSENT TO PROVISIONS BY HUSBAND: ESTOPPEL: EVIDENCE. A married woman in her will gave one thousand dollars to her husband, and various bequests to others, amounting, all together, to nearly the sum she had at that time on deposit in a bank. Four days prior to the making of the will she had given her husband a check on the bank for one thousand dollars. This had not been cashed at the time the will was made, and the husband knew of the provisions of the will, and assented to them before he received payment of the check. But it did not appear that the will was contemplated when the check was given, and it was not referred to in the will. No agreement that the check should be surrendered or treated as money bequeathed by the will was shown, and the only circumstance to indicate that the testatrix might have so intended was the fact that her bank deposit was not sufficient to pay the check and her bequests also. *Held*, that the husband's acceptance of payment of the check did not amount to a taking under the will, whereby he was estopped to claim his distributive share.

3. **Bank Check**: DEATH OF DRAWER BEFORE PAYMENT: EFFECT. When the delivery of a bank check as a gift is coupled with an intent to transfer a present interest in the money represented by the check, and no revocation is attempted, the intent of the donor should be given effect, and the transaction be held to transfer a present interest, and a right to the payment of the check after the death of the drawer, as well as before.

*Appeal from Monroe District Court.*—Hon. E. L. Burton, Judge.

MONDAY, JANUARY 23, 1893.

THIS is a proceeding in probate to ascertain and settle the distributive share of claimants to the estate of a person deceased. From a judgment in favor of the defendants, the plaintiff appeals.—*Affirmed.*

*Henry L. Dashiell,* for appellant.

The husband can not dispose of his personal property by will so as to deprive the wife of her distributive share. *Ward v. Wolf,* 52 Iowa, 465; *Linton v. Crosby,* 61 Iowa, 401. These decisions are based on section 2452 of the Code, which is to the effect that, the widow's share can not be affected by any will of her husband, etc. It is held that the term "widow's share" refers to her share of personal as well as real estate, and, therefore, she could claim one third of the personal property in opposition to the husband's will. The decision establishing this rule, *Ward v. Wolf,* *supra,* was approved by a bare majority of the court (SEEVERS and DAY, JJ., dissenting), and the rule of property established by it is believed to be different from that of any other country subject to the common law. The rule of the common law has always been, and still is, even in this state, that the wife has no legal interest in her husband's personal property, but the same is subject to his absolute control during their joint lives. To take away from the husband, therefore,

the power to do by will that which he has the full and
absolute power to do by deed, is the only instance
known to the law in which there is an absolute right
of control during life, and an equally absolute prohi-
bition as to control by will. The question in this case
is, does the same rule apply to the will of the wife.
Section 2452, says, that the widow's share shall not be
affected by any will of the husband, etc. There is no
express declaration of the statute that the husband's
share shall not be affected by any will of the wife, but
we are referred to section 2440, as bringing the husband
within the provisions of section 2452. This declares
"that all the provisions made in this chapter in regard
to the widow of a deceased husband shall be applicable
to the surviving husband of a deceased wife." In
*Wilson v. Breeding,* 50 Iowa, 633, the court holds, that
this provision of section 2440 is applicable to real estate
only. In *Houston v. Lane,* 62 Iowa, 291, the court
holds that section 2440 renders section 2452 applicable
to the husband of a deceased wife, but this case evi-
dently related to real estate, and the decision, therefore,
is not inconsistent with what is stated on that point
in *Wilson v. Breeding, supra.* The husband is estop-
ped in the present case by the facts alleged in the
second paragraph of appellant's pleading, which
shows: *First.* Knowledge of the will by Jones, and
that he made no objection thereto. *Second.* Expres-
sion by him of consent and acquiescence, and that she
was thereby induced to make no other disposition of
her property. *Third.* That Jones received and accepted
from the testator during her lifetime a check for the
one thousand dollars bequeathed him by the will.
*Fourth.* That, after the death of the testator, he
cashed the check and obtained the proceeds of the
same. *Hainan v. Iowa Legion of Honor,* 78 Iowa, 240.
Section 2203 of the Code has no application to this
case. *Houston v. Lane,* 61 Iowa, 291, is not in conflict

with the position of the appellants in this case. That
case relates in a great degree to real estate, and in
regard to that acts constituting an estoppel as to per-
sonal property would not have such bearing. As for
the provisions of section 2452, they only constitute a
general rule as to property, and there is no reason why
the general rule contained in this section should not be
subject to the law of estoppel to the same extent that
other general rules affecting property are subject to that
law. Payment by the bank of the check given the
husband was necessary to complete the gift, and
the death of the wife before payment operated in law
as a revocation. 8 Am. and Eng. Encyclopedia
of Law, title, Gifts, 1321, 1344; *Burke v. Bishop*,
21 Am. Rep. 568; *First National Bank v. Dubuque R'y
Co.*, 52 Iowa, 378.

*T. B. Perry, Levi M. Jones* and *Jas. R. Findley*,
for appellees.

This court did not have before it in *Wilson v.
Breeding*, 50 Iowa, 633, the subject raised by the
appeal in this case. The question we are now arguing
is, whether the wife has power to dispose of her per-
sonal property by will to a third person, which will be
binding upon her husband after her death. In *Houston,
Administrator, v. Lane*, 62 Iowa, 291, we have a decision
directly in point holding that section 2440 applies to a
surviving husband of a deceased wife. Section 2440
of the Code makes sections 2436 and 2452 applicable to
the surviving husband of a deceased wife. These are
all found in the same chapter 4, and leave no room for
doubt that the husband is not bound by the will of the
wife disposing of her personal property. The rule is
very well settled in this state, that the right of the hus-
band to his distributive share of one-third can not be
defeated short of his consent to take under the will

being actually entered upon the records of the court, within six months from receiving notice. The facts relied on for estoppel in the case at bar are not nearly so strong as the facts referred to in the case of *Houston, Administrator, v. Lane, supra.* It is now held that the delivery of a check either *inter vivos* or *donatio causa mortis* operates, *eo instanti,* as an assignment or transfer of the money in the bank called for by the check, and that its binding force does not depend upon the collection of the money before the death of the drawer, or upon a presentment and acceptance of the check before drawer's death. 2 Morse on Banks and Banking [3 Ed.], section 548, 549, 550. Morse does not agree with Williams on Executors, but with Grant on Banks and Banking [3 Ed.], 107.

ROBINSON, C. J.—On the twenty-fourth day of October, 1890, Mary C. Jones executed a will, which contained provisions as follows:

"*First.* I give to my brother, Carson Jones Agan, one thousand dollars in money. *Second.* I give to my husband, L. M. Jones, and O. M. Jones, my youngest daughter, one thousand dollars in money; and, with thirty dollars that is due me as rent on my place for the year just past, he, my husband, shall pay all my sickness and burial expenses; and the balance of my money, which is six thousand, nine hundred and seventy-seven dollars, to be divided equally with my three children, namely, Miss J. J. Moon, J. J. Moon, E. A. Moon, as they become of age.   *   *   *"

The only other property included in the will was a tract of land of small value, not involved in this appeal. O. M. Jones was the child of the decedent and her husband, Levi M. Jones, a defendant in this action. The three children last named were her children by a former husband. The date of her death is not shown, but the will was filed for probate on the twentieth day of

November, 1890. On the thirteenth day of February, 1891, the husband, Jones, filed in the office of the clerk, and caused to be made of record, a refusal to take under the will, and an election to take the share to which he would have been entitled had no will been made. Three days later the will was admitted to probate. It appears from the record and admissions of counsel that, three or four days before the will was made, Mrs. Jones had given to her husband a check for one thousand dollars on the bank in which her funds were deposited, which was held until after her death, and then presented and paid. In April, 1891, James M. May, as guardian of the minor children designated in the will as Miss J. J. Moon, J. J. Moon, and E. A. Moon, filed with the records of the estate in the district court a paper contesting the right of Jones to elect to take a share in the estate in violation of the terms of the will, on grounds stated as follows:

"*First*. The property disposed of by the will is personal property, and as to such property the husband has no right of election, but is bound by the will of the wife. *Second*. That said Levi M. Jones is barred and estopped from objecting to said will for the reason that during the lifetime of said Mary C. Jones the said Levi Jones, her husband, had full knowledge of the provisions of said will, and made no objection thereto, but at all times expressed his consent to and his acquiescence in the same, whereby the said testator was induced to, and did, rely upon said consent and acquiescence, and made no other disposition of her estate. The said Levi M. Jones has availed himself of the benefits conferred on him by said will, and received and accepted from the testator during her lifetime a check for the one thousand dollars bequeathed to him, and, after the death of said testator, cashed said check, and obtained the proceeds of the same."

Proceeding were subsequently had which resulted in findings by the court and judgment to the following effect: That Jones was not bound by the terms of the will, but had a right to take his distributive share under the law, and that he had elected so to do; that his right to take such distributive share was in no manner affected by the check given to him by his wife before, and paid after, her death.

I. The first question discussed by counsel is stated as follows: "Is a disposition of personal property by the will of the wife binding on the husband?" Section 2436 of the Code provides that "the personal property of the deceased, not necessary for the payment of debts, nor otherwise disposed of, as hereinbefore provided, shall be distributed to the same persons and in the same proportions as though it were real estate." Section 2440 provides that "one-third in value of all the legal or equitable estates in real property possessed by the husband at any time during marriage which have not been sold on execution or any other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property in fee simple, if she survive him. The same share of the real estate of a deceased wife shall be set apart to the surviving husband. All provisions made in this chapter in regard to the widow of a deceased husband shall be applicable to the surviving husband of a deceased wife. The estates of dower and curtesy are hereby abolished." Section 2452 provides that "the widow's share can not be affected by any will of her husband unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the circuit [now district] court." That section was construed in *Ward v. Wolf*, 56 Iowa, 465, 466, and *Linton v. Crosby*, 61 Iowa, 401, 404, where it was held that the

*1. WILLS: wife's personal estate: rights of husband.*

word "share" included both personal and real property, and that the husband can not so dispose of his personal property as to deprive the wife of her distributive share. The three sections specified are parts of chapter 4 of title 16 of the Code; and, as by section 2440 all the provisions of that chapter in regard to the widow of a deceased husband are applicable to the surviving husband of a deceased wife, it follows that the wife can not by will deprive her surviving husband of his distributive share in her personal estate.

It is said that in *Wilson v. Breeding*, 50 Iowa, 629, 632, this court held that section 2440 is applicable to real estate only. It is true that in that case it was said of section 2440 that the provisions of the chapter in which it occurs relate exclusively to real estate, but that is a manifest error. The question which the court was really called upon to determine was whether section 2440 applies to section 2371, which relates to personal property of a deceased husband which was exempt from execution in his hands. The court rightly said that section 2440 did not so apply, for the reason that, by its express words, it is limited to the provisions of the chapter in which it occurs, while section 2371, although under the same title, is found in another chapter. What was said in regard to real estate was not necessary to a determination of the case. We conclude that the question under consideration must be answered in the negative. See *Houston. v. Lane*, 62 Iowa, 291, 294.

II. It is contended that Jones is estopped to take any of the personal property of his late wife's estate, excepting under the provisions of her will. 

2. ——: consent to provisions by husband: estoppel: evidence. The facts constituting the alleged estoppel are substantially as follows: On the twentieth day of October, 1890, she had on deposit in the Knoxville National Bank nine thousand, twenty-seven dollars and twenty cents. On that day she gave

to her brother, L. C. Agan, a check for one thousand dollars, and on the next day gave to him a second check, for one hundred dollars, and gave to her husband the check for one thousand dollars, to which reference has been made. It does not appear that when the will was made, on the twenty-fourth day of the month, any of the checks so drawn had been paid. It will be noticed that the bequests of money made by the will, exclusive of the thirty dollars due for rent, amount to eight thousand, nine hundred and seventy-seven dollars, or to fifty dollars and twenty cents less than the bank deposit. The husband knew the provisions of the will, and assented to them before he received payment of the check. It is said that, as the check had not been paid when the will was made, the money against which it was drawn belonged to the testatrix, and was so treated by her in the will; that the check was only the means of carrying into effect one of the provisions of the will; and that, when the husband received payment of it, he, in effect, consented to accept under the will.

.The case of *Hainer v. Legion of Honor*, 78 Iowa, 246, is relied upon by appellant as sustaining his claim. In that case a certificate of life insurance had been issued to one Gabel, before he was married, for the benefit of his mother, in case of his death. After the certificate was issued, Gabel married, and had one child, but permitted the certificate to stand without making any new direction as to the payment of the amount thereof in case of his death. He made a will, however, by which he bequeathed to his daughter one-half of the amount of the certificate, and to his mother the other half, to be invested for her for a yearly income, and at her death to revert to the daughter. An interest in real estate was also devised to the mother. She knew of the will, and acquiesced in its provisions. Her son was induced to rely on that

acquiescence, and to believe that the provisions of the will would be carried out, and did not make a change in the beneficiary of the certificate in the manner required by his contract of insurance. After his death the mother accepted the provisions of the will which were favorable to her, and it was held that she was estopped by that fact and the other facts stated to claim more of the benefits of the certificate than those specified in the will. In this case the husband has taken nothing under the will. It is not shown that the testatrix intended that the check should be treated as of no effect, excepting as it should serve to give effect to the will. It was drawn and delivered several days before the will was made, and, so far as shown, before the making of the will was contemplated. It is not referred to in the will, and was not given for the amount bequeathed to the husband. No agreement that it should be surrendered or treated as money bequeathed by the will is shown, and the only circumstance which may be said to indicate a purpose on the part of the testatrix to have the money which should be paid on the check treated as money paid according to the terms of the will is the fact that the money she had at the time the will was made was not sufficient to pay the checks given to her brother and husband, in addition to bequests made by the will; but that fact does not overcome the presumption that the giving of the check was an independent and completed transaction, which arises from all the facts disclosed by the record. We conclude that the husband is not estopped to claim his distributive share of the estate of decedent.

III. It is said that, as the check was designed to be a mere gift, payment was required to give it effect, and that the death of the donor before it

3. BANK check:
gift: death of
drawer before
payment:
effect.

was paid operated to revoke the authority of the bank to pay it, and, therefore, the gift was never perfected, and the check, if

not a means of carrying out the provisions of the will, should be treated as a nullity. Some authorities hold that a gift by check is not complete until the check is paid, on the ground that it is not an appropriation of money of the drawer in bank, but a mere request or order on the bank to pay the amount specified when the check is presented, which may be revoked before acceptance. 8 Am. and Eng. Encyclopedia of Law, 1321, and authorities cited. See, also, note to *Hemphill v. Yerkes*, [19 Atl. Rep. 342,] 19 Am. St. Rep. 609. Whether the drawer of such a check may withdraw the authority to pay it after delivery and before acceptance is a question not involved in this case. Mrs. Jones made no effort to prevent its payment, manifested no desire that it should not be paid, and, so far as it is shown, gave it without condition as a gift *inter vivos*.

In *Roberts v. Austin Corbin*, 26 Iowa, 315, it was held that the delivery of a bank check carries with it a right of action against the bank on which it is drawn, if it have sufficient funds of the drawer on deposit to use for that purpose, and that such right was not defeated by a general assignment for the benefit of creditors made after the check was drawn, but before it was presented for payment. That holding was based upon the implied promise of the bank to pay out on the checks of the depositor the funds deposited. It was said that, when the depositor has indicated by his check the person to whom the money shall be paid, the promise inures to his benefit. The recent case of *Fonner v. Smith*, 47 N. W. Rep. (Neb.) 632, is to the same effect. In *Poole v. Carhart*, 71 Iowa, 37, bank checks were distinguished from other orders for the payment of money. It may be true that a check can not be regarded as an assignment of "funds," within the ordinary meaning of that term, but it transfers to the payee a right to recover its amount of the bank on which it is drawn, if the drawer have a sufficient deposit

when it is presented, and that right vests when the check is delivered. Some authorities distinguish between cases where the checks are drawn for a valuable consideration and where they are mere gifts, the holding of such authorities being that in the former class of cases death does not revoke the checks, and that in the latter it does. Tiedeman on Commercial Paper, section 448. But when the delivery is coupled with an intent to transfer a present interest in the money represented by the check, and no revocation is attempted, it seems to us the intent of the donor should be given effect, and the transaction be held to transfer a present interest, and a right to the payment of the check after the death of the drawer, as well as before. See 2 Morse on Banks and Banking, sections 549–551. Whether the check in controversy should have been paid by the bank, or by the legal representative of decedent, we need not determine, as that question is not discussed, and, in view of the fact that the check has been paid, it is not material in this case.

The judgment of the district court is AFFIRMED.