IN RE ESTATE OF MARGARET CECIL WITHERELL DLUHOS.

No. 48723.
(Reported in 70 N.W.2d 549)

JUNE 7, 1955.

Neal E. Smith, of Des Moines, for appellant, Emil Dluhos.

Royal & Royal, of Des Moines, for appellee, Luverne Tate Witherell.

Swift & Flagg, of Des Moines, for Ralph Colson.

Eskil C. Carlson, of Des Moines, for executrix, Mabel A. Sheppard.

LARSON, J.—The testatrix died in Polk County on February 20, 1952, and her will executed February 9, 1952, was filed for probate. The will provided as follows:

"I.  I hereby give to my beloved husband, Emil Dluhos, his dower right according to the laws of Iowa and no more.

"II. I give, subject to the above and foregoing, to my brother, Luverne Tate Witherell of Avon Lake, Ohio, my house and lot, located in the City of Des Moines, Polk County, Iowa, known and designated as 1513 Dean Avenue.

"III. Subject to Items I and II, I give, devise and bequeath to Ralph Colson (who has been like a son to me) my 1950 Chev. Coupe, License No. 77-25595, together with all bonds, or securities of any nature of which he has bought with his own money, of which I may die possessed.

"IV. To my cousin, Ellen White Young, I give my diamond earrings.

"(ECH) I give two bands and two diamonds to Kay Louise Witherell. (ECH)

"V. To Margaret White, I give my cameo ring, with ½ karat diamond;

"VI. To Kay Louise Witherell, diamond lavaliere.

"VII. I hereby nominate and appoint Mabel A. Sheppard, 1327 East Grand as Executrix of this my last will and testament."

The inventory listed the homestead involved herein as the only real property, cash and money on deposit as $3395.39, $396 as the value of certain stocks and bonds, and a 1950 Chevrolet sport coupé valued at $1400. Household furniture, as exempt, was valued at $200, and other articles of jewelry given under Items IV, V and VI of the will were valued at $210. Life insurance listed payable to the estate was $1001.29. After attempting unsuccessfully to claim certain personal property as his own, the spouse, Emil Dluhos, filed in the estate the following elections:

"1. Elects to refuse to take under the provisions of the will in this estate and elects to take the distributive share of the personal property to which the undersigned is entitled under the statutes of this state; and

"2. Elects to take the right to occupy the homestead for life instead of taking the distributive share in the homestead in the above entitled estate."

Thereupon the brother of the decedent, Luverne Tate Witherell, filed an application claiming that under the will he was

given title to the homestead, that the Chevrolet coupé had been turned over to Ralph Colson under Item III of the will, with the approval of the surviving spouse, and that due to the election of the spouse, if valid, he would lose the use and benefit of the real property pending the death of Emil Dluhos, and asked contributions from the other beneficiaries of the estate to compensate him for his loss, based on the fair rental value of the property for the normal period of expectancy of life of Emil Dluhos, the surviving spouse. This application was resisted by Emil Dluhos and the matter was tried before the Referee in Probate, who found among other things that the value of the real estate was $4500, $3000 for improvements and $1500 for the lot; that the value of the gift to the applicant-brother was $4500; that the life of the improvements was 15 years and the life expectancy of the spouse 21.39 years; also that the net loss applicant suffered was $3741.75, and that it should be paid "if the estate is large enough or the gifts equalized." The referee further found the Chevrolet automobile was beyond the reach of the executrix, though the bequest was liable to make a contribution to the loss sustained by applicant Witherell. He determined this contribution at $364. The referee's conclusions of law that the widower is the owner of the life estate by virtue of his election, that after payment of attorney fees, executrix fees and costs, the balance of cash on hand of approximately $1500 must be paid the applicant Witherell to cover part of his loss, and that because the automobile was turned over to Ralph Colson under Item III of the will with the approval of the spouse, Emil Dluhos, a judgment against Dluhos should be rendered in the sum of $364 with five per cent per annum interest, which must be paid within ninety days or the applicant Witherell will be entitled to execution against the life estate of Dluhos, were approved by the court and judgment rendered accordingly. A motion to reconsider was denied and Emil Dluhos appealed to this court. The first issue raised in this appeal is:

I. Does the surviving spouse have the right, when exercised, to retain the homestead for life free of liens, and also to take one third of the value of the personalty after payment of

debts and expenses? Appellant contends the court erred when it held in the negative, and we agree.

Section 636.1, Code of Iowa, 1950 (now 1954) provides: "The personal property of the deceased not necessary for the payment of debts, nor otherwise disposed of, shall be distributed to the same persons and in the same proportions as though it were real estate" and section 636.5 provides: "One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the wife had made no relinquishment of her right, shall be set apart as her property in fee simple, if she survive him. The same share of the real estate of a deceased wife shall be set apart to the surviving husband."

██ ██ The survivor's share cannot be affected by any will of the spouse unless consent thereto is given. Section 636.21; In re Estate of Kees, 239 Iowa 287, 291, 31 N.W.2d 380, and cases cited therein; Mensinger v. Hass, 240 Iowa 71, 35 N.W.2d 461; May v. Jones, 87 Iowa 188, 54 N.W. 231. Unless the election of the spouse, Emil Dluhos, was such a consent, he was entitled to one third in value of all the legal or equitable estates in real property possessed by the wife at any time during the marriage, which had not been sold on execution or other judicial sale and to which the husband had made no relinquishment of his right, in fee simple (section 636.5), and also one third of the personal property of the deceased not necessary for the payment of debts nor otherwise disposed of prior to death. Section 636.1; Samson, admx. v. Samson, 67 Iowa 253, 259, 25 N.W. 233. The spouse did elect, however, to retain the homestead for life in lieu of his share in the real estate of the deceased (section 561.12), and to this extent he did consent to a change in his distributive share provided by law. Thus he exercised his vested right of choice. Piekenbrock & Sons v. Knoer, 136 Iowa 534, 114 N.W. 200; Van Veen v. Van Veen, 213 Iowa 323, 329, 236 N.W. 1, 238 N.W. 718. But clearly the consent went no further, and affected only the interest in realty. Consequently we conclude the trial court erred in not allowing him his one-third share in the personal property after the debts of the estate were

satisfied. In re Estate of Dalton, 183 Iowa 1013, 1016, 168 N.W. 332. As a matter of fact, to this extent the provisions of the will were not disturbed for while the term "dower" is no longer used in our statutes, when used in a will it is quite generally held to include the distributive share in both the real and personal property. Ward v. Wolf, 56 Iowa 465, 467, 9 N.W. 348; In re Estate of Finch, 239 Iowa 1069, 32 N.W.2d 819, 3 A. L. R.2d 1403; In re Estate of Kees, supra, 239 Iowa 287, 31 N.W.2d 380, and cases cited therein; Leighton v. Leighton, 193 Iowa 1299, 188 N.W. 922. Thus we must also conclude the provisions of the will did not differ from the statute so far as the distributive share of the personal property was concerned, and no detriment was suffered by the estate or its beneficiaries in that regard by the election of the spouse not to take under the will. The spouse took the same by either title. In re Estate of Warren, 211 Iowa 940, 945, 234 N.W. 835.

██ ██ II. We think the same is true as to the distributive share in real property. Due to the election of the surviving spouse to retain a life use in the homestead, it is claimed the applicant Luverne Tate Witherell suffered a loss, that his use and enjoyment of the interest bequeathed him was substantially deferred, and for that loss he should be compensated.

But the principal question we face here is, Was the election made by the spouse in disregard of or in opposition to the provisions of the will? We think not. From the clear expression of the language, testatrix gave her brother the homestead property "subject to the above and foregoing" bequest of "dower right according to the laws of Iowa" to her husband.

Our prime concern and object, of course, is to discover and carry out the true intent and plan of the testatrix and to carry it into effect as nearly as possible. In re Estate of Maske, 243 Iowa 1394, 1398, 55 N.W.2d 474, 476, 36 A. L. R.2d 285, and cases cited therein; Bening v. Eischeid, 240 Iowa 1294, 1296, 39 N.W.2d 299, 301.

What then was testatrix' intention as expressed by Paragraphs I and II of the will? If we say she meant that her surviving spouse could elect to take one-third interest in the homestead immediately, or a life use of it, as the Iowa statute pro-

vides (section 561.12), and subject to that choice her brother took either an absolute title to two thirds of the homestead immediately, or the entire remainder in fee after the expiration of the life use, then the election did not result in any loss suffered by the brother. We think this a reasonable and proper interpretation and construction of these provisions of the will and her use of the term "dower" therein.

Paragraph I of the will significantly gives the surviving husband *"his dower* right according to the laws of Iowa." (Emphasis ours.) It does not specify or define or refer to the interest otherwise. It should therefore, we think, be construed as having the effect of placing him in the same position as if there were no provisions made for him in the will, i.e., entitled to one third of this real estate free from debts and expenses, and with the right, at his election, to take instead a life estate in the entire homestead.

That right of election, we may say, inheres in or is attached to his "dower right" under our statutes. Of course dower, in the original common-law sense, has been abolished in Iowa, but we continue in practice to use the word as meaning the right to the statutory distributive share which the surviving spouse receives. In that statutory distributive share is the right of election already mentioned. Common-law "dower" itself was the portion of or interest in real estate which was given the widow *for life.*

Thus we feel that where the term is used, as here, without any indication by testatrix of a contrary intent, we should construe it in the broad sense as including the survivor's right to take his share in such manner as he might elect under the law. In fact the proviso she used in the second paragraph confirms that construction here, i.e., "subject to."

The rule that the testatrix must be presumed to have known the law is recognized. Knowing it, she expressed no preference as to the homestead division between her husband and her brother, and left no indication she contemplated a residue or any intestate property to be administered.

Paragraph II of the will is equally significant. It does not give the brother any specific part or interest in the homestead but aptly provides: "I give, *subject to the above and foregoing"*

(i.e., subject to provisions in Paragraph I). In other words, testatrix gave to her brother whatever remained of her homestead after her husband had designated, as she knew he could do, his "dower right according to the laws of Iowa." That remnant could be either an absolute two-thirds present interest, or ownership of the whole, subject to a life estate in her surviving husband.

We see no escape from the conclusion that under the language of Paragraphs I and II of the will decedent's brother has no "claims which it becomes necessary to satisfy" under Code section 633.14. The election was not "in disregard of or in opposition to the provisions of a will."

This interpretation does no violence to testatrix' intention or dispositive scheme. Under it the surviving husband receives his dower in the form he prefers and elects to take, and the brother takes the homestead property "subject" to the express desire of testatrix in Paragraph I of the will. This is strictly according to the terms of that instrument, and under such construction there arises no complicated problems of contribution, sequester, rejected bequests and possible intestacy. Such complications in reality could only be legally presumed to have been intended, and we resort to such legal presumptions only when a testator fails to indicate in any way his desire, should elections of devisees upset the dispositive scheme of the will.

It may be conceded here that this interpretation of the word "dower" is somewhat broader than is usually indulged, but we are here seeking testatrix' intent as well as the usual meaning thereto attached.

By the husband's election Witherell received the entire remainder in fee as his bequest, and thus no compensation is due him for the loss of the use during the lifetime of the husband. Therefore no contribution is due from the interests of the heirs, devisees and legatees, and the trial court erred in requiring and fixing those amounts.

■ In passing, we note the trial court properly protected Witherell's interest by providing that Emil Dluhos, or his successor in interest, promptly pay all taxes due thereon and keep the property "in good repair."

■ III. In view of our determination that the surviving spouse took one third of the personal property under section 636.1, its effect upon the bequests under Items III, IV, V and VI is apparent. The surviving spouse would be entitled to one third of the cash and the automobile, as well as the jewelry, making the bequest to those devisees only two-thirds interest in the bequeathed personal property. Section 636.21. The widower's one-third share in the personalty cannot be devised to another. Ward v. Wolf, 56 Iowa 465, 9 N.W. 348, and May v. Jones, 87 Iowa 188, 54 N.W. 231, both supra; Linton v. Crosby, exr., 61 Iowa 293, 16 N.W. 113. However, unless because of increased costs due to this appeal there is insufficient other personal property to provide the spouse his full one-third share, the specific bequests may not need be disturbed, and the trial court will handle this distribution in the usual manner.

■ IV. There being no residuary legatee in this will, the remainder, if any, of course would descend as intestate property to the heirs of the testatrix. Ransom v. Mellor, 230 Iowa 451, 297 N.W. 861; Brown v. Kalene, 230 Iowa 76, 79, 296 N.W. 809, and cases cited therein. We are not aware who they may be, but as this case must be remanded for further proceedings they may be determined, if necessary, at that time.

■ V. We come now to the dispute over the receipt approved by the spouse. Obviously we do not agree that contribution due from the automobile bequest would be chargeable against Emil Dluhos and the interest in the life estate acquired by him as the surviving spouse. Shortly after testatrix' death the Chevrolet coupé was delivered to Ralph Colson and the following receipt taken by Mabel A. Sheppard, special administrator:

"I, Ralph Colson, hereby acknowledge receipt from Mabel A. Sheppard, Special Administrator in the above entitled matter the one 1950 Chevrolet Coupe, Iowa license number 77-25595, being the automobile described in Item III of the last Will and Testament of Margaret Cecil Witherell Dluhos. Des Moines, Iowa, February 26, 1952, signed Ralph Colson. Approved: signed Emil Dluhos, Emil Dluhos, widower of Margaret Cecil

Witherell Dluhos." Then followed an agreement between Colson and Dluhos that the value of the automobile was $1400.

We are unable to follow the reasoning by which such an approval becomes a receipt of the spouse or in what manner liability for its release is laid at his door. It was not delivered to him. It was not his receipt. While his approval may have been considered by the special administrator as some justification for her release of the automobile, it falls far short of a bond for its release and should not have been made the basis of a judgment and lien against the life estate of Emil Dluhos.

We were cited no authorities to sustain such contention and we can see no basis here for surety liability. The most that can be said of such an approval by Dluhos was that, as to the one-third interest in the Chevrolet automobile, the surviving spouse could not hold the executor or the special administrator for allowing it to escape from his interest therein. As a matter of fact, while possession of the automobile had been delivered by the special administrator to Ralph Colson prematurely, we understand it is impounded pending the final determination of this matter. We are convinced the final determination by the court that the life interest of Emil Dluhos is incumbered with any contribution is error.

For the reasons set out this case must be remanded for further proceeding in accordance with the views expressed herein.—Reversed and remanded.

All JUSTICES concur.