.In the Matter of the Estate of JOHN H. RAWLINGS,
Deceased.

1.    **Estates of Decedents:** SALES OF REAL ESTATE: DOWER.    The
deceased being the owner of a farm, including the homestead, and
also a small tract of land of about thirty-four acres, a portion of
the whole of which was needed to pay the indebtedness of the
estate, the court ordered that both tracts of land be sold, and that
the whole of the proceeds of the thirty-four-acre tract be applied
upon the indebtedness, and that so much of the proceeds of the home
farm as might be necessary to satisfy the indebtedness be appro-
priated for that purpose, and that one-third of any balance remain-
ing be paid to the widow upon her dower.    *Held,* that the decree
was not erroneous because the widow's dower was not limited to
her homestead right in forty acres of the home farm.

2. **Will :** CONSTRUCTION. A clause in a will read: "I want all stock to stay on all my farms, and, as fast as can be sold to an advantage, to be sold, and be paid on my debts." It appeared that the whole of the personal estate of the deceased was valued at less than half the amount of the indebtedness of the estate. *Held,* that the provision should be construed as directing a sale of so much of both his real and personal property as might be necessary to pay the debts of the testator, with a devise of the remainder.

3. ———— : DOWER : ELECTION OF WIDOW : EFFECT. Where a testator devises a life-estate to his widow, with a remainder to residuary legatees, and gives directions with respect to the preservation of the estate during the lifetime of the widow, and the widow elects to take her dower interest in lieu of the provision for her made in the will, the will will not be allowed to fail because through the election of the widow some of its provisions cannot be performed, and the residuary legatees will be entitled to so much of the estate as remains after satisfaction of the widow's dower.

*Appeal from Davis District Court.*—HON. DELL STUART, Judge.

TUESDAY, JANUARY 27, 1891.

JAMES E. RUSSELL, executor of John H. Rawlings, deceased, filed his petition asking for an order of sale of the lands of the testator in order to realize funds out of which to pay his indebtedness. Zeralda Rawlings, the widow of the testator, who refused to take under the will, answered the petition, and asks that she be allowed her dower interest in the lands, which shall be secured to her by the payment of one-third of the sum realized by a sale of the lands. Anna E. Cary, a daughter of the testator, resists the claim of plaintiff to dower. Other defendants, who answer, ask that their interests may be protected. The decree of the district court ordered the sale of the lands, and directed that one-third of the proceeds, after the payment of liens, be paid to plaintiff, in lieu of her dower in the lands. From this decree Anna E. Cary appeals.

*L. C. Mechem,* for appellant.

*Payne & Eichelberger,* for appellee.

BECK, C. J.—I. The estate of the testator was
largely indebted. One claim, held by H. H. Trimble,
was secured by mortgage on certain lands. By the
decree of the court below, the proceeds of the sale of
the lands are to be appropriated to the payment of the
mortgage, and one-third of any balance is to be paid to
plaintiff upon her dower interest. No objection is
made by any of the parties to this provision of the
decree. It, therefore, demands no attention.

II. The testator executed to the Security Loan &
Trust Company two mortgages upon two other tracts of
1. ESTATES OF     land, aggregating in quantity two hundred
decedents:
sales of real     and thirty-four acres. One tract of two
estate: dower.    hundred acres was the farm upon which
testator and his widow lived for many years. The
other tract, thirty-four acres, was not regarded as a part
of the farm, not being adjacent to any part thereof. By
the decree of the court below, the proceeds of the sale
of the thirty-four acres is to be applied on the mort-
gage, with two-thirds of the proceeds of the other land
constituting the farm, if such amount be necessary to
pay the debt; but the whole proceeds, if it be necessary
to use them to pay the mortgage, shall be so applied.
The effect of the decree being to confirm the lien of the
mortgage against all the land, but requiring one-third
of any balance remaining from the proceeds of the farm
to be applied, to the extent of one-third thereof, upon
the widow's claim for dower. It is insisted that this
provision of the decree is erroneous, for the reason that
it does not hold that the proceeds of the sale of the land
be applied to the payment of the mortgage debt, with-
out regard to the widow's dower interest. It is insisted
that the widow held a homestead right in forty acres
only, and that her right to the protection awarded her
by the decree should be limited to her homestead. But,
in our opinion, the decree does not depend for support
upon the widow's dower right. The decree, in effect,
directs that the mortgage shall be paid, even though it
requires all the proceeds of the sale of the lands ; but, if

less will pay the mortgage, then the widow takes one-third of the balance remaining. All of the proceeds of the thirty-four acres are applied upon the mortgage. The court had the authority to so decree, in order to rightly set apart to the widow the portion of the proceeds of the land to which she is entitled on account of her dower interest. That interest the district court may determine and set apart. We think that duty was rightly discharged by the decree. We are unable to discover in what regard the defendant who appeals is prejudiced. The decree gives to the widow no more than she is entitled to. If the decree had given her less, it would have been erroneous.

III. Certain lands of the estate were unincumbered. The decree directs that they be sold, and one-third of the proceeds first applied to the widow's claim for dower. No objection is made to this provision of the decree.

IV. The will is in the following language:

" In the name of God, amen. I, John H. Rawlings, of the town of West Grove, in Davis county, and state of Iowa, of the age of seventy-three years, and being of sound mind and memory, do make, publish and declare this my last will and testament in manner following property, that is to say: *First.* I give and bequeath to John H. F. Kery a lot of four ( 4 ) acres on the north corner of the southwest quarter of section twelve ( 12 ), in consideration the timber on ten acres of ground on section fourteen ( 14 ). *Second.* I want all stock to stay on all my farms, and, as fast as can be sold to an advantage, to be sold, and be paid on my debts. When my debts is paid, the remainder to my wife, Zeralda Rawlings, her lifetime, and at her death it shall be equally divided between Anna Elizabeth Kery and James R. Kery. In witness whereof, I have hereunto set my hand and seal this eleventh day of October, 1887.

" JOHN H. RAWLINGS.

"Addition. I want the stock kept in by James R. Cary, and he to cultivate the home farm ; Zeralda, my wife, and he and his family to constitute a family, and

2. WILL: construction.

have their support from the gross proceeds of effects, and
for his services he receive one-half the net proceeds after
taxes and all expenses ; the present stock, the stock that
will come to market in the next two years, is not in this
division, and the brown colt to remain on the farm as a
breeder. I also make Wm. Russell my executor. In
witness whereof I hereunto set my hand and seal this
thirteenth day of October, 1887.

"JOHN H. RAWLINGS."

The first item of the will is not a subject of dispute,
and need not be considered. We are to determine what
property is disposed of by the second item. The second
item is in this language : "I want all stock to stay on
all my farms, and, as fast as can be sold to an advan-
tage, to be sold, and be paid on my debts. When my
debts is paid, the remainder to my wife, Zeralda Raw-
lings, her lifetime, and at her death it shall be equally
divided between Ann Elizabeth Kery and James R.
Kery." It is evident that this provision devises and
bequeaths whatever property it authorizes to be sold.
A relative pronoun, or its equivalent, before the words
"can be sold" would have made the meaning plain.
We are authorized to supply such words in order to
determine the true meaning of the sentence. Such pro-
noun or words should refer to and indicate the word
"farms," as one of the subjects of the verbs "can be
sold" and "to be sold." The word "farms," as well
as "stock," doubtless, was intended by the testator to
be the subjects of the sentence, though probably that
may not be inferred from the words of the sentence
alone. But that he intended to direct the sale of the
farms for the payment of his debts cannot be doubted,
in view of the fact that his debts amounted to seventy-
five hundred dollars, and his whole personal estate is
estimated at thirty-five hundred dollars. What was the
value of the personal estate, other than the stock, does
not appear, but it is to be inferred that it did not equal
the sum named, for it appears that some other personal
property belonged to the estate. But, if it be assumed

that the stock was of the value of thirty-five hundred dollars, it is plain that the testator did not direct the payment of seventy-five hundred dollars of debts out of that property alone. He intends that the stock and lands be sold for the payment of his debts, and whatever of the property or proceeds thereof remained after the payment of his debts should go to his wife for life, and whatever remained at her death should go to the beneficiaries named in the will. It is plain to our minds that the second item of the will disposes of the lands of the estate not disposed of in the first item. We reach the conclusion that the district court rightly held that the defendants, Ann Elizabeth Cary and James R. Cary, are the residuary legatees, entitled to the proceeds of the property not otherwise disposed of in the will after payment of debts, and the proceeds to be paid the widow on account of her dower interest.

V. The widow, Zeralda, refuses to take under the will. Of course, this does not invalidate the will as to the devises and bequests to others. The provisions of the second item for keeping property and its sale need not be the ground of contention, for it clearly appears, both by this item and the "addition," that they, in this regard, cannot be obeyed after the wife refuses to take under the will. The property was to be kept for the use of the wife under the will. As she refuses to take under the will, that part of the items relating to the keeping of the property cannot be obeyed, and must be left out of view. The same is true as to the widow's life-estate. The will provided that Ann Elizabeth Kery (Cary) and James R. Kery (Cary) shall take the property after the widow's life-estate ends. But the widow refuses to take a life-estate, and takes dower. It clearly appears that the testator intended that the devisees just named should take the property after its enjoyment by the widow ceased, and after her interest therein was terminated. He did not intend that the benefactions to these devisees should be under the control of his wife, or should be

3. ——: dower: election of widow: effect.

defeated by her.   Under the exercise of her option, she refuses to take a life-estate, but takes the estate the law gives her.   It clearly appears that the testator intended the devisees to take of the property whatever remained after the widow's right thereto terminated. . The law will effectuate the intentions of the testator, if possible, and will secure to the legatees as nearly the benefits intended by the provisions of the will in their favor as can be done.    1 Redf. Wills. [ 3 Ed.] p. 429, note.

These considerations lead us to the conclusion that the decree of the district court ought to be AFFIRMED.