SARAH E. McGUIRE, ET AL., v. MARGARET LUCKEY, ET AL.,
Appellants.

**Wills:** ELECTION TO TAKE DISTRIBUTIVE SHARE:   CONTRIBUTION OF HEIRS.
1  Where a widow renounces the will and elects to take her
   distributive share which is set apart to her from property de-
   vised to certain heirs, other heirs taking a similar interest can
   be compelled, under the statute, to ratably contribute to the
   extinguishment of her dower interest.

**Partition:** COSTS. In partition proceedings the costs should be
2  paid by the parties in proportion to their interests, and in
   the instant case the trial court's apportionment is sustained.

*Appeal from Louisa District Court.*— HON. JAMES D.
SMYTH, Judge.

THURSDAY, FEBRUARY 8, 1906.

ACTION to partition real estate and for the interpreta-
tion of a will, under which the plaintiffs and defendants
claim interests in the property involved.   By the decree the
interests of the respective parties were determined, and pro-

vision was made for partition of the property. Defendants appeal.—*Affirmed.*

*F. M. Molsberry,* for appellants.

*C. A. Carpenter* and *E. B. Tucker,* for appellees.

McClain, C. J.— By the will of Joshua Luckey, deceased, the construction of which is asked in this action, his widow, Margaret Luckey, one of the defendants, was given a life estate in all the decedent's real estate in lieu of her distributive share. Subject to this life estate his son, Joseph C., was to receive a tract of land consisting of eighty-one acres, subject to the obligation to pay $300 each to four of the other children, who are defendants in this action, or a total of $1,200; and a daughter, Sarah E. McGuire, one of the plaintiffs in this action, was given a life estate in a tract of land of two hundred and seventy-one acres, with the remainder over for life to her daughter Blanche McGuire (now Blanche Carpenter), the other plaintiff, remainder in fee to her issue, this devise to Sarah E. McGuire being coupled with the requirement that she pay $375 each to the four children already referred to, or a total of $1,500, and it was specified that the amounts to be paid by Joseph C. Luckey and Sarah E. McGuire should stand as liens against the property as devised to them. The four other children, not named above, but already referred to, were given specific bequests in equal sums of money to be paid to them, including the sums to be paid by Joseph C. Luckey and Sarah E. McGuire. The widow rejected the provision of the will and elected to take her distributive share, and thereupon this action was brought for partition of the real estate and construction of the will. The court entered a decree by which it was provided that the devise made to Joseph C. Luckey and that to Sarah E. McGuire and Blanche Carpenter, each bear ratably the burden of extinguishing the dower right of

the widow in proportion to the just and true value of the said separate tracts, and that the amounts to be paid by the devisees, respectively, to the four children be decreased by one-third, and approved the report of referees by which a portion of each of the two tracts was assigned to the widow as dower, with the additional requirement that Sarah E. McGuire pay $135 to the widow to make up the full amount of her dower in accordance with the referee's report.

The principal contention of the defendants is that the amounts to be paid to the other children by Sarah E. McGuire and Joseph C. Luckey should not have been reduced.

1. WILLS: election to take distributive share: contribution of heirs.
They also complain of the action of the court in setting apart the dower of the widow in two tracts — the one tract taken out of the land devised to Joseph C. Luckey, and the other out of that in which Sarah E. McGuire is given a life estate; but, as it appears from the record that this was done by the referees with the consent of all the parties, there was no error in confirming the referee's report in this respect. The sole question, then, involved in the decision of the merits of the case, is whether, in view of the diminution of the devises to Joseph G. Luckey and Sarah E. McGuire by reason of the setting aside to the widow of portions of the two tracts devised, by way of dower, the court was justified in reducing proportionally the amounts to be paid by them under the terms of the will to the other four children. And here we are met with the claim on behalf of appellants that these devises were not in fact reduced in value by the election of the widow to take her distributive share, inasmuch as she was under the will entitled to a life estate in each, and the devisees, by her election, came into the possession of their respective estates free from the burden of such life estate.

We cannot see, however, that this is a consideration to which we can give any weight. The testator must be presumed to have had in mind the right of the widow to

take a distributive share by law instead of a life estate under the will (*Gainer v. Gales,* 73 Iowa, 149); and on the extinguishment of the life estate by the election of the widow to take a distributive share, the devisees became entitled to the same rights which they would have had on the widow's death. *Estate of Vance,* 141 Pa. 201 (21 Atl. 643, 12 L. R. A. 227, 12 Am. St. Rep. 267). We are there-. fore not at liberty to assume that the value of the interests devised to Joseph C. Luckey and Sarah E. McGuire were increased beyond the contemplation of the testator by the election of the widow to relinquish the life estate provided for her by the will. But, on the other hand, in the absence of any statutory provision on the subject, the interest of each of these two devisees was subject to the contingency that some portion of the property devised should be taken to satisfy the widow's right to dower; and against this contingency of diminution, there being no provision on the subject in the will, they would be without protection, and no doubt would not be entitled to exact from other devisees or legatees any contribution out of their specific devises or legacies to make up the amount which they should thus lose. *Devecmon v. Shaw,* 79 Md. 219 (16 Atl. 645); *Wallace's Ex'rs v. Wallace,* 15 W. Va. 722.

But, evidently to avoid the supposed injustice of such a result, it has been specifically provided by statute (Code, section 3279) that the amount of any interest given to a posthumous child unprovided for in the will, " as well as that of any other claim which it becomes necessary to satisfy in disregard of, or in opposition to the provisions of the will, must be taken ratably from the interests of heirs, devisees and legatees." This section has been re-enacted with some modification in Acts 30th General Assembly, chapter 120; but the effect of the section, as bearing upon the question now before us, is not changed by the modification made in it as reenacted. There cannot be the slightest doubt that the assertion of the right of the widow to take

her distributive share, otherwise than as provided for in the will, is within the language and meaning of this section. The widow's distributive right is an incumbrance upon the real estate of which the devisees of portions of such estate are not bound to sustain the entire burden, and those taking similar interests can be compelled to contribute ratably to the extinguishment of such claim.   *Morey v. Morey,* 113 Iowa, 152.   Now, 'as these two devisees have received only two-thirds each of the property devised to them,' by reason of this assertion of the widow's right to take her distributive share in disregard of and in opposition to the provision of the will, we think it is plainly within the provision of the statute that their obligation to contribute to the shares which the four children were to receive under the will should be correspondingly reduced.   As the legacies which the four other children were to receive exceeded the amounts thus to be paid to them, their shares are not by this construction reduced in a greater proportion, but rather in a less proportion, than the shares of these two devisees.   But that is not a matter for consideration.   There has been no attempt to equalize the shares of the children under the will, save in the reduction of the amounts to be paid by these two devisees, and no complaint is made by any one that the shares of the four other children have not been further reduced.   The sole complaint is, on behalf of these four children, that they are not to receive so much from the two devisees as they would have received, had the widow elected to take under the will, instead of in disregard of its provisions.   In thus reducing the amounts to be paid by the two devisees, we are not, as counsel for appellants contend, making a new will for testator, nor attempting to equalize the shares of the children in disregard of his express intention.   He must be presumed to have known that, if his widow elected to take her distributive share in fee, these devises would be cut down, and that under the statutory provision the resulting reductions would be to that extent

made applicable to the legatees with respect to their specific legacies; for that is the plain language of the statute. If testator had not intended this result, he could have provided against it by suitable language in the will itself.

Complaint is made that the costs were taxed to plaintiff, Sarah E. McGuire, and defendants, Margaret Luckey and Joseph C. Luckey, one-third to the widow and the other 2. PARTITION.: two-thirds ratably to Joseph C. Luckey and costs. Sarah E. McGuire in proportion to the value of the property received by them, and that no portion was taxed to Blanche Carpenter, one of the plaintiffs, and her two children who are made defendants. But by Code, section 4260, Joseph C. Luckey was chargeable with the costs created by his contest. We are not disposed to interfere with the discretion exercised by the court in determining his proportion thereof. Margaret Luckey was properly charged with one-third of the costs, as corresponding to her interest, and no complaint is made by Sarah E. McGuire as to the costs taxed to her. We think the court committed no error, therefore, as to taxation of costs.

The decree of the trial court is *affirmed*.