GEORGE M. KINCAID, Exr., *et al.* Plaintiffs in Error, *vs.*
GEORGE H. MOORE *et al.* Defendants in Error.

*Opinion filed April 23, 1908.*

1. WILLS—*when annuities should not be abated.* Under section 79 of the Administration act, providing for the equalizing of legacies where the widow renounces the will and elects to take under the statute, residuary legacies must be abated before the abatement of annuities is required, particularly where the testator's intention, as expressed in the will,.is that legacies specifically bequeathed to persons named in the will shall be paid before any distribution of the estate be made among the residuary legatees.

2. SAME—*when income from all of testator's land is charged with payment of debts.* Where one clause of a will requires the income of land in a certain county to be applied towards the discharge of the testator's indebtedness and to other specified purposes, but another clause, after making certain things a charge upon the income from land in another county, provides that "the residue of the net income shall be applied to the payment of my debts as rapidly as the same can be paid from year to .year until my entire indebtedness is fully paid," the income of the lands in both counties is charged with the payment of the testator's debts.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding.

This is a consolidation of two appeals from and a writ of error to the Appellate Court for the Third District. Three appeals were prosecuted by different parties to the Appellate Court from different portions of one decree of the circuit court in a suit for partition, to quiet title and for other relief. In the Appellate Court the appeals were consolidated and heard as one case. From the judgment of the Appellate Court affirming certain portions of the decree of the circuit court George M. Kincaid, trustee and executor of the will of Joseph G. Moore, deceased, and the trustees

of schools, have prosecuted appeals to this court, and to review the judgment of the Appellate Court reversing a portion of the decree of the circuit court the next of kin of Joseph G. Moore, the testator, who are the residuary legatees of his will, have sued out a writ of error.

All the parties practically adopt the statement of the case made by the Appellate Court, which is as follows:

"This is a bill in chancery for partition, to quiet title and for other relief. The land involved consists of about sixteen hundred acres in McLean county and about four hundred acres in DeWitt county, which was the property of Joseph G. Moore at the time of his death, on July 1, 1905. He left his widow, Sabina Moore, and his two brothers and a sister and certain nephews and nieces as his only heirs-at-law. By his last will and testament George M. Kincaid was made executor and trustee. Said will was duly admitted to probate in the county court of DeWitt county and the said executor duly qualified thereunder. The widow, Sabina Moore, duly filed her renunciation, and thereupon became entitled to her statutory estate of homestead and to one-half of all the real and personal estate remaining after the debts were paid. The present bill was filed by George M. Kincaid, as executor and trustee, and by the widow, Sabina Moore, praying for a partition of the lands belonging to the testator at the time of his death, and setting up that by reason of the widow's renunciation it would be necessary for the court to equalize and adjust the various legacies and devises.

"The provisions of the will which bear upon the questions presented by this appeal are the following: The first paragraph directs that all of the just debts and funeral expenses of the testator be fully paid, as hereinafter provided. The second bequeaths to the wife of the testator the use of the homestead property (except ten acres) for and during her natural life and an annuity of $2000 per annum so long as she should live, with a provision that in a certain con-

tingency the same might be increased to $5000, and also certain personal property. The third bequeaths the remainder of the personal property to Kincaid in trust, the proceeds to be applied to the payment of debts and funeral expenses. The fifth clause provides that all of the homestead property, consisting of about fifty acres in DeWitt county, should go to the school trustees, ten acres of which should be held for a site for a township high school at Santa Anna, and that the remainder should be sold and the proceeds be used in the building of said township high school. The sixth clause reads as follows:

" 'I devise in trust, for the purposes and upon the trusts hereinafter created and enumerated, to said George M. Kincaid, trustee, the following described lands situated in the county of DeWitt, in the State of Illinois, to-wit: (describing certain lands.) The devise of the above lands in this clause is upon the following trusts and conditions, to-wit: My said executor and trustee shall rent and collect the rents arising from said lands and apply the same towards the discharge of my indebtedness and the payment of the specific legacies in this will mentioned, (not, however, meaning hereby the legacies or annuities to be paid annually,) the erection of the monument hereinafter mentioned, and the costs and expenses of the administration of my estate. After the payment of said debts, funeral expenses, specific legacies and the expenses of said monument, and within a reasonable time thereafter, I direct that my said executor and trustee shall sell all of said lands at either public or private sale, as to him may seem meet, and upon such terms as to him shall seem just and proper.'

"It is then directed that out of the proceeds $2000 shall be paid to the library association of Farmer City, Illinois, and that the residue of the proceeds shall be applied and paid towards the erection and furnishing of a township high school building at Farmer City, to be known and distinguished as the 'Joseph G. and Sabina Moore Township

High School,' and provides that the same should be erected under the supervision of Nelson Tull. The seventh devises about forty-seven acres of DeWitt county land and eighty acres of McLean county land to Kincaid in trust, to sell and convey the same and apply the proceeds on the $20,000 mortgage on a portion of the McLean county lands. The eighth makes provision for $1000 to be paid annually to Martha A. Booth during her natural life, to be paid to her in consideration of and on condition that she remains with the testator's wife and properly cares for her during her lifetime. The ninth gives Joseph Denny an annuity of $500 per year during his natural life; and the tenth the testator's sister, Mrs. Hitt, annuity of $1000 per year during her natural life; the eleventh, Mrs. Wilson, a sister of the testator's wife, a legacy of $500. The twelfth gives Nelson Tull, a friend of the testator, a legacy of $500. The thirteenth, fourteenth, fifteenth and sixteenth give legacies of $500 each to four churches in Farmer City, Illinois. The seventeenth directs that out of his personal estate there be purchased a monument, costing not to exceed the sum of $3000, to be placed at his grave. The eighteenth directs that his personal estate is to be used for the payment of funeral expenses, the purchase of the monument, etc. The nineteenth fixes the terms of the trust upon which the trustee shall hold the McLean county lands and directs the sale of the same upon the expiration of the trust. The twentieth makes it the duty of the executor and trustee to pay all the taxes promptly and not to allow any land to be sold for taxes, and to anticipate and provide for the payment of all debts, permitting no bill to foreclose to be filed. The twenty-first authorizes the trustee, when necessary, to renew mortgages, or to make new mortgages on the McLean county land which he may deem necessary to raise any sums of money which he shall think necessary for the payment of debts, or such part thereof as the personal estate shall be insufficient to pay, and continues as follows: 'It is hereby made the

duty of said trustee to use the annual income from my said lands, except said homestead lands, for the purpose of paying all deficiency on my said mortgage and other indebtedness that remains after the application of my personal estate and the proceeds of said lands directed herein to be sold for that purpose, it being my intention that all deficiency in the payment of my debts and specific legacies after the application of my property, as hereinbefore directed, shall be finally paid from the income derived from said lands, excepting said homestead lands and the land directed to be sold for the purpose of paying the mortgage indebtedness. It is not my intention, however, to devote the rents of my lands in the county of DeWitt, aforesaid, towards the payment of the annuities provided for in this will.'

"The twenty-first paragraph further provides: 'It is hereby made the duty of my said executor and trustee, and his successor in trust, to rent said lands in the county of McLean, aforesaid, making all leases in writing, and for such time or times, not to exceed twenty (20) years, as may be deemed most advantageous to my estate. Out of the net proceeds of the rents and profits my said executor or trustee shall pay, from time to time, all my just debts and the legacies which my personal property is insufficient to pay and the annuities herein created, it being my true intent and meaning that legacies and annuities herein provided for shall be paid out of the income of my said estate; and the power to renew mortgages or borrow money, by my executor and trustee, is for the sole purpose of enabling my executor, trustee and his successor in trust to renew mortgages or borrow money for the purpose of paying my indebtedness, and such mortgages or debts so created by my said executor or trustee are to be discharged out of the rents and profits of said lands in the county of McLean. All legacies and annuities are to be paid out of the income, rents and profits of said last named lands, when practicable, excepting that nothing herein contained shall prohibit my said

executor or trustee from paying any specific legacy from my personalty after my debts are paid.'

"The twenty-second reads as follows: 'Out of the rents and profits of said lands in the county of McLean I direct that my said executor and trustee shall first pay the taxes, insurance and necessary repairs and expenses of said trust. He shall next pay to my wife, Sabina Moore, the sum of $2000 annually as long as she shall live, as hereinbefore provided. The annuity to Phœbe K. Hitt shall next be paid, amounting to $1000 per annum. The annuity to Martha A. Booth of $1000 per annum, as herein before provided, shall next be paid. The annuity to Joseph Denny of $500 shall then next be paid. After these payments are made, annually, the residue of the net income shall be applied to the payment of my debts as rapidly as the same can be paid from year to year until my entire indebtedness is fully paid.'

"The twenty-third is as follows: 'I further will and direct that after the payment of my debts, funeral expenses, costs and expenses of administration, and other necessary expenses, that the net proceeds of the income of my lands in the said county of McLean, after paying the annuities hereinbefore enumerated in the preceding clause of this will, be paid by said trustee or his successor in trust as follows, until the sale of said lands.' * * *

"The decree finds that under the terms of the will and by reason of the renunciation of the widow the widow became the owner of one-half of all the lands in fee after the payment of the debts; that Kincaid, as trustee, under the fourth and seventh clauses of the will, became vested with the legal title to one-half of all the lands in McLean county, and under the sixth and seventh clauses to one-half of certain lands in DeWitt county; that under the fifth clause the trustees of schools became vested with the title to the remainder of the DeWitt county lands; that by reason of the widow's renunciation all of the annuities, except the an-

nual compensation to Martha Booth, should be abated one-half, but that the annuity of $1000 to said Martha Booth, being a provision for services to be rendered to the widow, should not be abated. The decree charges one-half of the indebtedness, exclusive of the costs and expenses of administration, to the widow, and directs Kincaid, as trustee of the DeWitt county lands, to pay the remaining one-half thereof out of the rents and income from said lands, and to pay from the same source all specific money legacies other than annuities, the $3000 provided for the erection of a monument and the costs and expenses of administration. It is further decreed that the annuities to Mrs. Hitt and Joseph Denny, as abated, be paid from the income of the McLean county lands.

"From said decree Joseph Denny, George M. Kincaid, trustee, and the trustees of schools, appeal. No complaint is made of the decree except in so far as it reduces the annuities of Denny and Mrs. Hitt, and charges the income from the DeWitt county lands with the payment of one-half of the indebtedness of the estate, with the payment of all the specific legacies other than annuities, and with the $3000 provided for a monument, and with the costs and expenses of administration, instead of charging any portion thereof upon the income of the McLean county lands."

BARRY & MORRISSEY, and HERRICK & HERRICK, for plaintiffs in error.

R. W. MILLS, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

The writ of error raises the question as to the correctness of the judgment of the Appellate Court reversing that part of the decree of the circuit court abating the annuities of Joseph Denny and Phœbe K. Hitt one-half. The widow of the testator having filed her renunciation of the will and

elected to take under the statute, her estate of homestead and one-half of the real and personal estate remaining after the debts were paid necessarily reduced the amount of property available for the payment of legacies.

Section 79 of chapter 3, Hurd's Statutes of 1905, is as follows: "In all cases where a widow or surviving husband shall renounce all benefit under the will, and the legacies and bequests therein contained, to other persons, shall, in consequence thereof, become diminished or increased in amount, quantity or value, it shall be the duty of the court, upon settlement of such estate, to abate from or add to such legacies and bequests in such manner as to equalize the loss sustained or advantage derived thereby, in a corresponding ratio to the several amounts of such legacies and bequests, according to the amount or intrinsic value of each."

Plaintiffs in error, who are the residuary legatees, contend that this statute required the abatement of all legacies provided by the will one-half, and that the Appellate Court erred in reversing the decree of the circuit court abating the annuities given by the will to Joseph Denny and Phœbe Hitt.

If no aid could be found in the will for the solution of this question we would be disposed to agree with the Appellate Court, as the decision of that court is sustained by the decision of this court in *Lewis* v. *Sedgwick*, 223 Ill. 213. But we are aided in the determination of this question by the provisions of the will, which we think clearly evince the intention of the testator that the legacies specifically bequeathed to particular persons named in the will should be paid before any distribution of the testator's estate should be made among the residuary legatees. The twenty-second paragraph of the will directs that the executor first pay out of the rents and profits of the lands in McLean county, the taxes, insurance, necessary repairs and expenses of the trust; that he next pay the annuity to the testator's wife, (which by renunciation of the will she declined to accept;) that he next pay the annuity of $1000 to Phœbe K. Hitt,

then the annuity of $1000 to Martha A. Booth, and next the annuity of $500 to Joseph Denny. Said clause of the will further reads: "After these payments are made, annually, the residue of the net income shall be applied to the payment of my debts as rapidly as the same can be paid from year to year until my entire indebtedness is fully paid. The sum remaining after the debts are paid is provided in another 'clause of this will." The other clause referred to is the twenty-third, which provides that after the payment of the debts, funeral expenses, costs of administration and other necessary expenses, the net proceeds of the income of the lands in McLean county, "after paying the annuities hereinbefore enumerated in the preceding clause of this will, be paid * * * until the sale of said lands," one-fourth to George H. Moore, one-fourth to Albert H. Moore, (brothers of the testator,) one-fourth to Phœbe K. Hitt, (a sister,) and one-fourth to the children of Fannie A. Russell, a deceased sister of the testator. The intention of the testator is also indicated by the twenty-first paragraph of the will. We are of opinion the judgment of the Appellate Court upon this branch of the case is supported by the law and is in accordance with the intention of the testator as evidenced by his will.

Upon the other branch of the case the circuit court decreed that the debts of the testator remaining after the application of the proceeds of the sale of one hundred and twenty-seven acres of land upon a mortgage for $20,000 upon five hundred acres of the McLean county land were by the will made a charge upon the rents and income from the DeWitt county lands; also that the specific money legacies, (but not the annuities,) and the expenses of a monument costing not to exceed $3000, and the costs and expenses of administration, were charged against the rents and income from said DeWitt county lands, and that the annuities mentioned in the will were required to be paid from the rents and income from the McLean county lands.

The testator, at the time of his death, owned about sixteen hundred acres of land in McLean county and about four hundred acres in DeWitt county. He resided on the lands in DeWitt county. By the sixth clause of his will he devised to George M. Kincaid, whom he appointed executor and trustee, the lands in DeWitt county, and authorized and directed said executor and trustee to rent said lands and collect the rents arising therefrom, and "apply the same towards the discharge of my indebtedness and the payment of the specific legacies in this will mentioned, (not, however, meaning hereby the legacies or annuities to be paid annually,) the erection of the monument hereinafter mentioned, and the costs and expenses of the administration of my estate." After the payment of the debts, funeral expenses, specific legacies and the expenses of the monument, the executor and trustee was directed, within a reasonable time, to sell the DeWitt county lands and out of the proceeds to pay to the library association of Farmer City $2000 and the residue to the building and furnishing of a township high school at Farmer City. If there were no other provision of the will showing an intention that the income from any other land owned by the testator should be charged with the payment of any of his indebtedness remaining after the sale of the one hundred and twenty-seven acres of land referred to, the decree of the circuit court would be clearly right. In said sixth clause of the will the testator described the DeWitt county lands and made no reference to other lands owned by him. By the fourth clause of the will the testator devised to George M. Kincaid, in trust, the McLean county lands, "upon the trusts hereinafter provided and created." There are two clauses in the will numbered 21. For convenience we will distinguish them as "21a" and "21b." Clause 21a authorizes the trustee to renew or execute new mortgages on the McLean county land for the purpose of raising such amount of money as may be necessary to pay the testator's debts, or any part thereof, that

233—38

his personal estate should be insufficient to pay, and it was made the trustee's duty to use the annual income "from my said lands, except said homestead lands, for the purpose of paying all deficiency on my said mortgage and other indebtedness that remains after the application of my personal estate and the proceeds of the lands directed herein to be sold for that purpose." To further make clear the meaning of the testator, said clause states his intention to be "that all deficiency in the payment of my debts and specific legacies after the application of my property, as hereinbefore directed, shall be finally paid from the income derived from said lands, excepting said homestead lands and the land directed to be sold for the purpose of paying the mortgage indebtedness." Up to this point the DeWitt county lands had not been referred to in this clause of the will, so that by any reasonable construction the lands referred to by the testator were the McLean county lands. Clause 21*b* makes it the duty of the trustee to rent the McLean county lands, and out of the net proceeds of the rents "pay, from time to time, all my just debts and the legacies which my personal estate is insufficient to pay and the annuities herein created, it being my true intent and meaning that legacies and annuities herein provided for shall be paid out of the income of my said estate;" and the power to borrow money conferred upon the trustee was "for the purpose of paying my indebtedness, and such mortgages or debts so created by my said executor or trustee are to be discharged out of the rents and profits of said lands in the county of McLean." Clause 22 provides that after the trustee had paid out of the rents and profits of the McLean county land the taxes, insurance, necessary repairs and the expenses of the trust, he should next pay the testator's wife $2000 annually as long as she lived, $1000 annually to Phœbe K. Hitt, $1000 annually to Martha A. Booth and $500 annually to Joseph Denny. "After these payments are made, annually, the residue of the net income shall be applied to the payment

of my debts as rapidly as the same can be paid from year to year until my entire indebtedness is fully paid." The twenty-third clause provided that after the payment of the testator's debts, funeral expenses, costs and expenses of administration, and other necessary expenses, and the annuities therein above enumerated, the remaining income from the McLean county lands should be paid to the residuary legatees in the proportions mentioned.

It seems clear to us that clauses 21*a*, 21*b*, 22 and 23 can be given no other meaning than that the testator intended his indebtedness should be as much a charge against the income from the McLean county lands mentioned in those clauses as it was that it should be a charge against the income from the DeWitt county lands mentioned in the sixth clause. Nowhere else in the will is any language to be found indicating an intention on the part of the testator to make his indebtedness a charge only upon the income from the DeWitt county lands. The language used in the sixth clause of the will is, that the executor and trustee should collect the rents from the DeWitt county lands "and apply the same toward the discharge of my indebtedness" and the payment of specific legacies, not including annuities; and after the debts and annuities were paid, and also the expenses of the monument, the trustee was authorized to sell the DeWitt county lands and distribute the proceeds as we have above mentioned. When that clause is read in connection with the other clauses of the will, they seem to show clearly that the rents from all the lands the testator owned, both in DeWitt and McLean counties, should be appropriated to the payment of debts until the indebtedness was finally paid. The annuities were made a charge against the income from the McLean county lands and the monument against the income from the DeWitt county lands. Aside from the bequests to the library association and township high school, the specific legacies or money bequests, costs of administration and the remainder of the indebtedness of the testator

after applying the proceeds of the sale of the one hundred and twenty-seven acres of land upon the $20,000 mortgage, were made a charge upon the rents and income from the land in both counties. In our opinion any other construction would be contrary to the expressed intention of the testator as evidenced by the plain and unambiguous language of the will.

We do not question the rule that where the controversy is between the heir of the testator who is a beneficiary under the will and another beneficiary who has no claims upon the bounty of the testator, and two equally proper interpretations of the will can be adopted, that one will be adopted which prefers the kin of the testator to strangers. But that rule can have no application where only one proper construction can be given to the will, as we hold to be true in this case.

In our opinion the Appellate Court erred in affirming that portion of the decree making the income from the De-Witt county lands alone liable for the testator's indebtedness, money legacies and costs and expenses of administration. In so far as the judgment of the Appellate Court reverses the decree of the circuit court abating legacies it is affirmed, but in so far as it affirms that part of the decree of the circuit court making the indebtedness of the testator, the money legacies and costs of administration a charge against the DeWitt county lands alone it is reversed, and that part of the decree of the circuit court is reversed and the cause remanded to the circuit court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*