AUDREY BENING et al., Appellants, v. MARK·EISCHEID, Trustee under will of HARRY T. SHURTZ, et al., Appellees.

No. 47496.

(Reported in 39 N.W. 2d 299)

OCTOBER 18, 1949.

Keenan & Clovis, of Shenandoah, for appellants.

Ferguson & Ferguson, of Shenandoah, for appellees.

OLIVER, J.—This action stems from the election of testator's widow to take her statutory distributive share of one third of his estate in lieu of the provisions of the will which established a trust and gave her $50 per month from the income thereof. This caused the diminution of each gift. However, the loss to plaintiffs' gifts was proportionately greater than to some others. The appeal involves the contention of plaintiffs that the percentage of loss to the gifts to plaintiffs should be made the same as to other gifts.

Testator died in 1941 without issue. His estate was willed in trust to his nephew, Mark Eischeid, with directions to pay from the income, $50 per month for the widow's support during her lifetime, and any additional amount which, in the judgment of the trustee, might be needed for her comfortable support, the remainder of the net income to be divided equally between defendant Mark Eischeid and testator's niece, defendant Sarah O'Brien. Upon the death of testator's widow the trust was to terminate and the property to pass absolutely, as follows: An undivided one third in equal shares to plaintiffs Beatrice Gass and Audrey Bening, daughters of testator's widow, the remaining two thirds in equal shares to Mark Eischeid and Sarah O'Brien, who, for convenience, will be referred to as the defendants.

The parties stipulated, for the purposes of this suit, that the value of the one third of the estate set apart to the widow was $25,500; the value of the remaining two thirds, after payment of taxes, etc. was $46,000; the net annual income of the entire trust estate would have been $3300, of which the trustee would have paid the widow $600 and Mark Eischeid and Sarah O'Brien the remaining $2700; the one third of the estate taken by the widow reduced the net annual income of the trust to $2200; at decedent's death the widow had a life expectancy of 13.88 years.

Plaintiffs are remaindermen who, upon the death of the widow, will take absolutely one third of the corpus of the trust. Defendants will take two thirds. The parties agree the rejection by the widow did not work an acceleration of the remainder or the termination of the trust. See Windsor v. Barnett, 201 Iowa 1226, 207 N.W. 362.

The widow's election to take dower reduced by one third the corpus of the trust which will pass to defendants and plaintiffs upon her death. However, the reduction in income of the trust to be paid defendants during the life of the widow is only eighteen and one-half per cent. That is because the widow relinquished the $600 per year provided for her from the net income of the trust. Had she taken under the will defendants would have received annually from the trust, $3300 minus this $600, or $2700. A one-third reduction from $2700 would have reduced defendants' annual income from the trust to $1800. According to the stipulation the net annual income of the trust is $2200. Plaintiffs contend this $400 annual difference in income for 13.88 years represents the income renounced by the widow (two thirds of $600), and that it should be so spread among all the gifts, including the gifts to them, that the percentage of loss to each gift will be the same and that the trustee should be ordered to sequester income from the trust estate for this purpose.

In denying relief upon this part of the case the judgment entry concludes: the rights of all the devisees were subject to reduction by the widow's election; the loss to the remainder, the only property which plaintiffs and defendants share, is automatically divided ratably; the loss of income is shared only by the two defendants as the sole beneficiaries of the trust estate; this is a proper and legal distribution of the loss.

The question upon appeal is whether the loss due to the widow's election should be spread proportionately among all the bequests or whether, as held by the trial court, the devisees of the life estate should bear only their eighteen and one-half per cent loss and the percentage of loss of the two classes (life estates and remaindermen) should not be equalized.

When a widow renounces the provisions of her husband's will and elects to take her distributive share, usually the property in the estate is reduced in amount and some or all of the gifts to beneficiaries are disturbed. It has been said the usual procedure is for the court to ascertain the testator's intent and dispose of the property left in the estate as nearly as possible according to such intent. It has been said also that in the absence of express direction losses to beneficiaries from such election

should be apportioned among the other beneficiaries. Other decisions hold the court should sequester the renounced property to compensate the impaired gifts. 57 Am. Jur., Wills, sections 1549 to 1552, pages 1054 to 1058; 33 Am. Jur., Life Estates, Remainders, and Reversions, section 161; annotations in 5 A. L. R. 1628; 99 A. L. R. 230 and 1197; 125 A. L. R. 1013; 69 C. J., Wills, sections 2453 to 2456, pages 1146 to 1148. There is much divergence of opinion in cases from other jurisdictions and some lack of uniformity in our own decisions.

Section 633.14, Code of Iowa, 1946, provides:

"All claims which it becomes necessary to satisfy, and all amounts necessary to be paid from the estate of a testator in disregard of or in opposition to the provisions of a will, shall be taken ratably from the interests of heirs, devisees, and legatees."

McGuire v. Luckey, 129 Iowa 559, 562, 105 N.W. 1004, 1005, states: "* * * the assertion of the right of the widow to take her distributive share, otherwise than as provided for in the will, is within the language and meaning of this section." That case held charges on devises diminished one third by the election of the widow to take one third in lieu of a life estate in the real estate should be reduced proportionately, notwithstanding the enjoyment of the devises was accelerated by the termination of the life estate of the widow. Some other decisions which refer to the statute and adjust losses ratably are: Shedenhelm v. Cafferty, 174 Iowa 195, 201, 156 N.W. 340, In re Estate of Glandon, 219 Iowa 1094, 1098, 260 N.W. 12, and Dillavou v. Dillavou, Iowa, 104 N.W. 432, opinion withdrawn on another ground, 130 Iowa 405, 106 N.W. 949. See also 24 Iowa L. Rev. 714, 726, Effects of Widow's Election to Take Against Will.

It does not appear that a ratable sharing of the loss in this case will be inequitable or contrary to testator's intent. There is nothing in the will or the circumstances to indicate testator intended, that, in the event his widow elected to take her distributive share, testator's niece and nephew should receive all the net income from the trust. Hence we conclude the loss should be spread ratably over each gift, both of income and remainder.

According to our computation, based upon an agreed interest rate of four per cent, this will require payment to plaintiffs, upon the death of the widow, of $1138.16 without interest. Inasmuch as defendants will take two thirds of the remainder as well as the net income from the trust, the sequestration of income from the trust in this case appears unnecessary. A ratable sharing of the loss may be accomplished by adding $1138.16 to plaintiffs' one-third-remainder share and deducting the same amount from defendants' two-thirds-remainder share. The case is reversed and remanded for judgment accordingly.—Reversed and remanded.

All Justices concur.