IN RE ESTATE OF PAUL L. MASKE.

DARLENE WALTERS et al., appellants, v. ALICE MEHAFFEY et al., appellees.

No. 48175.

(Reported in 55 N.W.2d 474)

NOVEMBER 11, 1952.

Donnelly, Lynch, Lynch & Dallas, of Cedar Rapids, for appellants.

Livingston & Day, of Washington, for appellees Alice Mehaffey, John K. Mehaffey, Mrs. Nellie Huff, Mrs. Merna Taylor, Mrs. Betty Mulcahy Hora, Daryl Vondraska, and Mrs. Ardis Phelps.

Carlton C. Wilson, of Washington, for appellees Ferd E. Skola, executor of the will of Paul L. Maske, deceased, and Ferd E. Skola, executor of the will of Eva Maske, deceased.

GARFIELD, J.—The question presented is whether the widow's statutory share of one third, following her refusal to take under the will, should be taken wholly from residuary legacies as the trial court held, or ratably from all legacies as the residuary legatees (appellants) contend. This in turn depends upon the meaning of section 633.14, Code, 1950.

The issue arose upon the executor's petition in probate for construction of the will and answers thereto, respectively, of the residuary legatees who are relatives of testator and the pecuniary (general) legatees who are relatives of the widow. The real contest is between these two sets of legatees. The facts were stipulated. Only a law question is presented.

Testator died in April 1950. The will bequeaths a life estate to the widow and also states that if the income should be insufficient to provide her with the comforts of life she shall have the right to use such of the principal as may be necessary to provide the comforts of life. Item 3 of the will states that upon the widow's death the remainder of the estate is bequeathed in the following manner: Here follow six pecuniary bequests totaling $22,600 to relatives of the widow. Item 3 then says, "After giving effect to the above named bequests, the * * * remainder of my property is to be divided into equal shares for" certain named relatives of testator.

The widow refused to take under the will and thereby became entitled to a third of the estate. She died in January 1951. About $48,000, less executor's and attorney's fees and court costs, is to be distributed, first to satisfy the widow's share and the remainder to the legatees named in item 3. As a result of the widow's election the amount for distribution is about $16,000 (minus one third the expenses and costs of administration) less than it would have been if the widow had elected to take under the will.

Appellees (the widow's relatives) invoke the rule that where the estate is insufficient to pay all obligations and legacies, unless

the will expresses a contrary intent, legacies which are mere bounties, not based upon a consideration (as in lieu of dower or in payment of a debt), abate in this order: (1) residuary legacies (2) general legacies, and (3) specific legacies. In re Estate of Van Wechel, 241 Iowa 513, 516, 41 N.W.2d 694, 696, and citations. To "abate", as here used, means to reduce a legacy because of the insufficiency of the estate to pay all debts, charges and legacies in full. Id. (at page 515 of 241 Iowa, page 695 of 41 N.W.2d), and citations.

It is obvious that under this rule, if it is applicable here, appellees are entitled to the payment of their legacies in full since they are general legacies and the widow's statutory share (frequently called dower or distributive share, as explained in In re Estate of Finch, 239 Iowa 1069, 1090, 1091, 32 N.W.2d 819, 829, 3 A. L. R.2d 1403, 1417, 1418) must be taken wholly from the residuary legacies to appellants. We may assume, without deciding, that if it were not for Code section 633.14 the above rule would be applicable to such a case as this where the insufficiency of the estate to pay all legacies in full is due to the widow's renunciation of the will.

Section 633.14 provides: "All claims which it becomes necessary to satisfy, and all amounts necessary to be paid from the estate of a testator in disregard of or in opposition to the provisions of a will, shall be taken ratably from the interests of heirs, devisees, and legatees."

The widow's statutory share is clearly an amount "necessary to be paid * * * in disregard of or in opposition to the * * * will" within the meaning of 633.14. McGuire v. Luckey, 129 Iowa 559, 561, 562, 105 N.W. 1004, 1005; Bening v. Eischeid, 240 Iowa 1294, 1297, 39 N.W.2d 299, 301.

Section 633.14 together with 633.13 are an outgrowth of sections 1284, 1285, Code, 1851. Section 633.13, Code, 1950, states that a child born after a will is made, who is unprovided for by any settlement and neither provided for nor mentioned in the will, shall inherit the same interest as though no will had been made and said interest "shall be taken ratably from the interests of heirs, devisees, and legatees." (This is the identical language found at the end of 633.14.)

Section 1284, Code, 1851, stated "Posthumous children unprovided for by the father's will shall inherit the same interest as though no will had been made." And section 1285, Code, 1851, provided: "The amount thus allowed to a posthumous child, as well as that of *any other claim* which it becomes necessary to satisfy in disregard of or in opposition to the contemplation of the will, must be taken ratably from the interests of heirs, devisees, and legatees." (Emphasis added.)

Section 1285, Code, 1851, is a legislative recognition that the interest of a posthumous child unprovided for by the will is a claim "in disregard of or in opposition to the * * * will." We perceive no basis for holding that the widow's statutory share upon renunciation of the will is not also "in disregard of or in opposition to the * * * will."

We think that under the plain language of section 633.14 the widow's statutory share here must be taken ratably from the interests of all legatees and not wholly from the residuary legacies alone. The effect of our holding is that section 633.14 is not declaratory, but in derogation, of the common-law rule (heretofore mentioned) governing abatement of legacies, where the insufficiency of the estate to pay all legacies is due to the widow's rejection of the will. In other words, we think the statute was intended to change the common-law rule as applied to such a case as this rather than to preserve it.

Of course many statutes are merely declaratory of the common law. It seems improbable, however, section 633.14 is of that kind. If it was intended merely to provide for prorating among the residuary legatees, not all legatees, the share of a widow who has renounced the will the statute was unnecessary. McGuire v. Luckey, supra, 129 Iowa 559, 562, 105 N.W. 1004, 1005, indicates the statute was intended to effect a change in the common-law rule as applied to a case of this kind.

Irrespective of statute, it is a general rule applicable to cases of this type that a widow's election to take against the will defeats the testator's intention in part and the court will try to ascertain his primary intention and carry it into effect as nearly as possible. In re Estate of Povey, 271 Mich. 627, 261 N.W. 98, 99 A. L. R. 1183, 1185, and citations. See also Bening

v. Eischeid, supra, 240 Iowa 1294, 1296, 39 N.W.2d 299, 301; In re Estate of Rawlings, 81 Iowa 701, 707, 47 N.W. 992; note Ann. Cas. 1913E 416, 417.

While we base our decision primarily upon the plain language of section 633.14 we believe the result we have reached more nearly carries out testator's intent than does the trial court's order and is much more equitable.

■ Under the stipulated facts, if the widow had taken under the will the estate would have been divided almost equally, subject to her life estate, between the two sets of legatees. (The will was made two years and nine months before testator's death.)` Apparently testator intended a substantially equal division between the widow's relatives and his own. That is a reasonable and equitable disposition of the estate. If the widow's share is taken ratably from all legacies that plan is carried out as nearly as possible. If, however, such share is taken wholly from the residuary legacies testator's relatives will receive only a little more than one fourth the estate and the widow's relatives will take the rest.

Appellees strongly rely on the language of the will which provides for the residuary bequests: "After giving effect to the above named bequests [to appellees], the * * * remainder of my property is to be divided into equal shares for" appellants. It is argued this clearly shows testator intended the pecuniary bequests should be paid before the residuary bequests.

We feel the quoted language has no other effect than any other residuary clause in a will. It does not indicate testator intended the pecuniary legacies to be paid in full at the expense of the residuary legacies in the event the widow renounced the will. There is no direction in the will as to how the estate is to go in such event. That direction is contained in section 633.14. Nothing in the will indicates the testator did not intend the statute to apply if the widow rejected the will.

■ It is true testator is presumed to have known that under the law the widow could renounce the will and take her statutory share. Gainer v. Gates, admr., 73 Iowa 149, 152, 34 N.W. 798; McGuire v. Luckey, supra, 129 Iowa 559, 561, 562, 105 N.W. 1004; In re Estate of Povey, supra, 271 Mich. 627, 261 N.W. 98,

99 A. L. R. 1183, 1187; Dunshee v. Dunshee, 263 Ill. 188, 195, 104 N.E. 1100, 1103.

By the same token it is equally true testator is presumed to have known the provisions of section 633.14 under which the widow's statutory share in the event of such renunciation would be taken ratably from the interests of all legatees. McGuire v. Luckey, supra (at pages 563, 564 of 129 Iowa). We have frequently held a testator is presumed to know the provisions of the "antilapse" statute, section 633.16. In re Estate of Finch, supra, 239 Iowa 1069, 1084, 32 N.W.2d 819, 826, 3 A. L. R.2d 1403, 1414, and citations.

Comparatively few decisions upon the precise point before us have come to our attention. Both McGuire v. Luckey, supra, 129 Iowa 559, 105 N.W. 1004, and Bening v. Eischeid, supra, 240 Iowa 1294, 39 N.W.2d 299, furnish some support for our holding. The former case holds that charges against devised land which is diminished one third by the widow's rejection of the will should be reduced proportionately. It is true the devisees of the land and the beneficiaries of the charges thereon held interests of the same class. But the opinion intimates the same result would be reached if the interests were not of the same class.

Bening v. Eischeid, supra, holds the loss to the estate due to the widow's renunciation of the will should be borne ratably by all the beneficiaries, both those holding a life estate and remaindermen, and should not be taken wholly from the remainder interests. Thus the loss to the estate was spread proportionately among bequests of a different class.

Logan v. Logan, 11 Colo. 44, 46, 17 P. 99, 100, involves a statute which provided that upon a widow's rejection of her husband's will the court shall "abate from or add to such legacies and bequests in such manner as to equalize the loss sustained, or advantage derived thereby, * * *." While all devises in the Logan will were of the same class the court says (at pages 48, 49 of 11 Colo., page 101 of 17 P.): "The power to interfere extends to the entire estate of the testator, real and personal. * * * Our conclusion is that the provisions of the section are applicable alike to all classes of property, and to all legatees and devisees."

In re Estate of Byrnes, 149 Misc. 449, 451, 267 N. Y. S. 627, 630, and In re Litt's Estate, 73 N. Y. S.2d 368, consider a statute which states, " 'Where any such election shall have been made, the will shall be valid as to the residue remaining after the elective share * * * has been deducted and the terms of the will shall as far as possible remain effective.' " · Each case holds pecuniary legacies as well as residuary ones should be reduced ratably by reason of the widow's renunciation of the will. The Byrnes opinion states (at page 453 of 149 Misc., page 631 of 267 N. Y. S.) : "By apportioning the withdrawn share against all the beneficiaries, the general plan of the will may be, to a great extent, preserved and the balance maintained between the respective preliminary and residuary beneficiaries."

In re Estate of Ross, 140 Cal. 282, 73 P. 976, and Ward v. Ward, 120 Ill. 111, 11 N.E. 336, hold that a share of a pretermitted child should, by reason of statutes there considered, be deducted from specific devises of realty and residuary bequests, not wholly from the latter. Some other cases of this type are cited in annotation 123 A. L. R. 1073, 1089, 1090. The annotation states at page 1077 there is ample authority that a pretermitted child takes "in opposition to the will." As we have intimated, cases of this type seem to be analogous to those where the widow has renounced the will.

An annotation in 168 A. L. R. 701, 702, upon a somewhat related subject, "Rights as between specific devisee and residuary devisees in respect of blanket mortgage or other lien on the real estate covered by those devises" says "there is a tendency * * *, at least in the later cases, to rule that specific and residuary devisees must contribute proportionably to the payment of a blanket mortgage covering their respective devises."

We are aware of decisions in Illinois that under a statute somewhat similar to our section 633.14 the widow's share is deducted from the residuary fund without touching specific legacies. Lewis v. Sedgwick, 223 Ill. 213, 79 N.E. 14; Kincaid v. Moore, 233 Ill. 584, 84 N.E. 633; Pace v. Pace, 271 Ill. 114, 110 N.E. 878, 881. See note 24 Iowa Law Review 714, 726. Dunshee v. Dunshee, supra, 263 Ill. 188, 195, 104 N.E. 1100, 1103, holds the Illinois statute did not apply to devises (of

realty) but only to legacies and bequests in the strict legal sense. The result reached in Lewis v. Sedgwick, supra, and the decisions that follow it is contrary to that of Ward v. Ward, supra, 120 Ill. 111, 11 N.E. 336, where the share of a pretermitted child was involved.

We hold the widow's share shall be taken ratably from the shares of all legatees, that the pecuniary legacies shall be reduced in the same proportion as the amount necessary to satisfy the widow's share bears to the net amount in the estate for distribution and the rest be divided equally among the residuary legatees as provided by the will. Thus the amount for distribution to the residuary legatees will be reduced ratably.—Reversed.

All JUSTICES concur.